UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
UNITED STATES OF AMERICA

-v-

RODOLPHE NOGBOU,

07 Cr 814 (JFK)

NOTICE OF MOTION

Defendant
-------------------------------------------------------X

PLEASE TAKE NOTICE that RODOLPHE NOGBOU, a defendant in the above-captioned matter will move, on a date to be set by this Court, the Hon. John F. Kennan, presiding, for an order granting:

I. For an Order, in accordance with the constitutional requirements espoused in *Kyles v. Whitley*, 514 U.S. 419 (1995), *U.S. v. Bagley*, 473 U.S. 667 (1985), *U.S. v. Agurs*, 427 U.S. 97 (1976), *Giglio v. U.S.*, 405 U.S. 150 (1972), *Brady v. Maryland*, 373 U.S. 83 (1963), and their progeny for the purpose of asking the government to furnish or permit discovery, inspection and the right to copy solely those portions of the personnel files of CSO Esposito and each the CSO the government seeks to call as a witness which contain substantiated complaints for prior abuse of authority, prior aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the witness.

II. The defendant moves pursuant to FRE 609(a) and 403 for the Court to issue and Order precluding the government were Nogbu to testify on his own behalf from cross-examining him with respect to: (1) the fact of his February 28, 2007 conviction upon a plea of guilty to Disorderly Conduct in violation of New York Penal Law 240.20; and (2) any cross-examination concerning the underlying facts surrounding this conviction.

III. For the issuance of a Rule 17(c) Subpoena for the relief requested in Part I hereof.

IV. For leave to make further motions

V. For such further relief as the Court deems fair and appropriate

In support of this motion, RODOLPHE NOGBOU relies upon the annexed affidavit of Alan M. Nelson, Esq., the Exhibits annexed thereto, the accompanying memorandum of law, to the United States Constitution and Fed. R. Crim. Proc. 7(d), and 12 (b)(2).

Dated: Lake Success, New York
October 27, 2007

Yours, etc,

Alan M. Nelson, Esq. (AN0891)
Attorney for the Defendant
3000 Marcus Avenue, Suite 1E5
Lake Success, New York 11042
(516) 328-6200

TO:

Hon. John F. Keenan
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza
New York, N.Y. 10007

Attn: AUSA John Cronin

Rodolphe Nogbou
Registration # 60326-054
MDC
80 29th Street
Brooklyn, N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------X
UNITED STATES OF AMERICA

-v-

RODOLPHE NOGBOU,

07 Cr 814 (JFK)

AFFIRMATION IN SUPPORT &
ANNEXED MEMORANDUM OF LAW

**Defendant**
---------------------------------------------------X

ALAN M. NELSON, ESQ., an attorney duly admitted to practice in the Courts of the State of New York, and this Court, pursuant to the applicable statutes, hereby affirms:

1. I have been appointed, under the Criminal Justice Act, to represent RODOLPHE NOGBOU in the above-captioned case.

2. I make this affirmation in support of RODOLPHE NOGBOU's motion for an order granting the relief set forth in the annexed Notice of Motion.

## BACKGROUND

3. RODOLPHE NOGBOU is charged in the instant one count indictment with Assault upon a Federal Officer in violation of 18 U.S.C. 111(a).

4. In substance it is alleged that on August 22, 2007 as the defendant was attempting to enter the United States District Courthouse for the Southern District of New York located at 500 Pearl Street, New York, New York through the Worth Street security checkpoint he intentionally struck Court Security Officer ("CSO") Vincent Esposito in the face while CSO Esposito was performing his duties.

5. A review of the discovery provided by the government, more particularly a video

surveillance recoding of the incident reveals that NOGBU, who was entering the Courthouse that date for the lawful purpose of filing an amended *pro se* complaint in a civil action he had previously commenced in the Courthouse, after passing through the metal detector in the lobby area was in the process of being further checked by CSO Esposito through the use of a metal detector or wand. The video reveals that Nogbu was wearing cover-alls which CSO Esposito had the defendant open the top straps of apparently to facilitate closer inspection of the defendant's mid-section in all likelihood due to a positive reading from the metal detector.

6. The video further reveals that as Esposito proceeds to check Nogbu's midsection with the wand there are arm movements by the defendant and a verbal exchange taking place. The video, although not fully displaying the critical events at issue, does not clearly demonstrate any form of intentional assaultive contact by Nogbu upon CSO Esposito at this point.

7. As the video continues Nogbu is observed being escorted by a number of CSO's back through the metal detector and gathering his belongings upon the security table as if to leave the Courthouse. As Nogbu is gathering his belongings the video depicts his being surrounded by a number of CSO's and placed in custody.

8. Unfortunately the video is not accompanied by audio, hence the nature and substance of the discussions between Nogbu and CSO Esposito is not heard.

9. However, based upon discussion with the defendant in conjunction with review of the video counsel has been informed that the only physical contact between he and the CSO occurred as the CSO attempted to screen the defendant's mid-section with the metal detector wand. That contact consisted solely of the defendant placing his hand upon the wand to prevent it from being placed in close proximity to his groin. Upon his refusal to permit further

inspection in this manner he was instructed to leave the courthouse.

10. This resulted in Nogbu complaining that he was being denied access to the building for a proper purpose. Nogbu then complied with the CSO's request and walked back through the metal detector to leave the building. As he gathered his personal effects from the security tray Nogbu continued to engaged the CSO's in discussion suggesting he would bring a civil action against them for denying him access to the court. It is at that time Nogbu alleges that he was placed in custody.

### Elements of 18 U.S.C. 111

11. To violate 18 U.S.C. 111 a defendant must use force when resisting, opposing, impeding, intimidating or interfering with the victim. *U.S. v. Chambers*, 195 F.3d 274 (6th Cir. 1999). The assault must be committed knowingly. This *mens rea* element is satisfied by a willful attempt or threat to inflict injury upon the person of another when coupled with an apparent present ability to apply force, causes the victim to reasonably apprehend immediate harm. There is a split in authority as to whether specific intent is an element of the crime. See. *United States v. Oakie*, 12 F.3d 1436, 1443 (8th Cir. 1993).

12. A person accused under 18 U.S.C. 111 may raise the issue of self-defense. *United States v. Feola*, 420 U.S. 671, 684 (1975). A person also may be justified in resisting an arrest not based upon probable cause. The Court will not tolerate an intentionally provoked fight or resisting arrest as a pretext to provide probable cause. *United States v. Moore*, 483 F.2d 1361, 1364-65 (9th Cir. 1973).

### I. REQUEST FOR IMPEACHMENT MATERIAL

#### Requested Relief

13. Nogbu requests that the court Order that the government produce to the defense

or for *in camera* inspection by the Court solely those portions of the personnel files of CSO Esposito and each the CSO the government seeks to call as a witness which contain substantiated complaints for prior abuse of authority, prior aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the witness.

### *i. Argument*

14. Due process requires that the prosecution disclose evidence favorable to an accused upon request when such evidence is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). In *United States v. Bagley*, 473 U.S. 667 (1985) the Supreme Court held that evidence is material if there is a reasonable probability that disclosure of the evidence would have changed the outcome of the proceedings. A "reasonable probability" is defined as a probability sufficient to undermine confidence in the outcome. The assessment of the effect of non-disclosure must take into account the cumulative effect of the suppressed evidence in light of other evidence, not merely the probative value of the suppressed evidence standing alone.

15. The government's obligation to disclose favorable evidence includes information that could be used to impeach government witnesses. *Giglio v. United States*, 405 U.S. 150 (1972), *Kyles v. Whitley*, 514 U.S. 419 (1995).

16. The government need not disclose: (1) neutral, irrelevant, speculative, or inculpatory evidence; (2) evidence the defense already possesses; (3) evidence available to the defense from other sources; or (4) evidence the prosecutor could not reasonably be imputed to have knowledge of or control over. Nonetheless, even where the prosecutor does not himself possess Brady material he has a duty to learn of any favorable evidence known to other government agents including the police if those agents are involved in the investigation. *See Kyles*, 514 U.S. 419 ay 437.

17. The defendant's request here is very limited in scope. It seeks the production of any prior substantiated complaints for abuse of authority, aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the witness.

18. The requested material is relevant impeachment material to the proffered potential defenses of self-defense or excessive use and/or abuse of authority by the CSO. It bears directly upon what will in all likelihood be contrasting interpretations of the images depicted in video and the verbal exchanges which occurred contemporaneous thereto. Credibility will indeed be a central issue in the trial. Accordingly, the existence of prior *substantiated* complaints for abuse of authority, aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the witness are clearly material and necessary to the defense.

19. The evidence is not in the defenses's possession and is not readily available from other sources. The defense seeks the requested materials from two sources (1) the CSO's government personnel file and (2) the witnesses's personnel file while employed as a member of the New York City Police Department. Although a request for the issuance of a Rule 17(c) Subpoena is included herein the issuance of such subpoena could well result in intervention by the NYPD Legal Department seeking a protective ruling to limit the scope of production through application of New York State Civil Rights Law §50-a.

20. In order for the court to allow a party to intrude upon the privacy and confidentiality of an officers' personnel files, the movant must satisfy the requisite criteria set forth in Civil Rights Law §50-a. Section 50-a(2) states, in pertinent part **that no order shall issue without a clear showing** of the facts sufficient to warrant the Judge to release the records for disclosure or to request the records for an in camera review. The facts must be detailed enough

to that the Judge can determine that they constitute a sufficient basis for review. Finally, the movant must show that the information contained in the personnel files has significant and demonstrable bearing on the matter at hand, having real importance to or great consequences for the outcome of the case. *People v. Gissendanner*, 48 N.Y. 2d 543, 423 N.Y.S. 2d 893 (1979). To merely make unsupported, conclusory statements that "the records **may** bear upon the issues to be tried" and "**it is better to do a little digging**" does not satisfy the statutory criteria required for full disclosure or an in camera review.

21. In interpreting the requirements of §50-a, courts have held that there must be some factual predicate supporting disclosure. *People v. Hall*, 243 A.D.2d, 651, 663 N.Y.S. 2d, 245 (2nd Dept. 1997). This requirement of a factual predicate as a criteria for permitting access of is designed to eliminate "fishing expeditions" into such files, searching for collateral matters to be used as impeachment material. *Zarn v. City of New York*, 198 A.D. 2d 220, 603 N.Y.S. 2d 503 (2nd Dept. 1993).

22. To allow a party to use prior complaints or allegations in a personnel file to impeach a witness's credibility, courts have required the movant to demonstrate a "good faith" basis along with a basis in fact for such allegations. *People v. DePasquale*, 54 N.Y. 2d 693, 442 N.Y.S. 2d 973; People v. Greer, 42 N.Y. 2d 170, 397 N.Y.S. 2d 613; *People v. Kass*, 25 N.Y. 2d 123, 302 N.Y.S. 2d 807, as quoted in *People v. Francis*,149 Misc. 2d 693 at 696, 566 N.Y.S. 2d 486 at 489 (1991).

23. Moreover, in addition to the §50-a requirement that he provide the Court with a factual predicate that constitutes a sufficient basis to order disclosure or review, plaintiff must allege that the information to be culled out is relevant and material to this action. Mere speculation or surmise that some information **may** be uncovered which **may** provide plaintiff

with some impeachment material does not satisfy this additional §50-a requirement. *People v. Logo*, 93 Misc. 195, 402 N.Y.S. 2d 759 (1978).

23. Nogbu's request is very limited in scope. It seeks only substantiated complaints that resulted in the witness being disciplined. Further it seeks only those substantiated complaints for abuse of authority, aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the witness. Such substantiated complaints are clearly material and relevant to the defense and bear directly upon the issue of credibility as is it relates solely to this charged offense.

24. Finally, notice is provided by this request that evn though the government might not posses this potential impeachment material he clearly has a duty to learn of any favorable evidence known to other government agents including the CSO's if those agents are, as here, involved in the investigation. *See Kyles*, 514 U.S. 419 ay 437.

25. Accordingly it is respectfully requested that the Court Order that the government produce to the defense or for *in camera* inspection by the Court solely those portions of the personnel files of CSO Esposito and each the CSO the government seeks to call as a witness which contain substantiated complaints for prior abuse of authority, prior aggressive conduct and inappropriate use of force which resulted disciplinary action to be taken against the witness.

## II. MOTION IN LIMINE - NOGBU'S PRIOR CRIMINAL HISTORY

26. The defendant moves pursuant to FRE 609(a) and 403 for the Court to issue and Order precluding the government were Nogbu to testify on his own behalf from cross-examining him with respect to: (1) the fact of his February 28, 2007 conviction upon a plea of guilty to Disorderly Conduct in violation of New York Penal Law 240.20; and (2) any cross-examination concerning the underlying facts surrounding this conviction.

27. FRE 609 provides in relevant part that "for the purpose of attacking the credibility of witness, (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted subject to rule 403 if the crime was punishable by imprisonment in excess of one year... and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting such evidence outweighs it prejudicial effect to the accused; and (2) evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement regardless of the punishment.

28. Disorderly Conduct is a violation under New York Law punishable by a sentence not to exceed 15 days. Accordingly pursuant to FRE 609(a)(1) inquiry into the fact of the defendant's conviction should be precluded under that sub-section. Moreover, clearly Disorderly Conduct is not a violation which involves dishonesty or a false statement, hence inquiry should likewise be precluded pursuant to FRE (a)(2).

29. It is anticipated that should Nogbu testify on his own behalf he will testify and/or be cross-examined concerning the reason for his seeking entry into the courthouse. Upon investigation including discussion with the defendant and review of documents Nogbu was entering the courthouse for the purpose of filing an amended pro se complaint in an action commended by him pursuant to 42 U.S.C. 1983. The underlying facts concerning that compliant relate to his February 28, 2007 conviction for Disorderly Conduct. Significantly the initial charge was Resisting Arrest. (See Exhibit "A" Criminal Complaint).

30. FRE 403 provides that although relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, misleading the jury, or considerations of undue delay. It is submitted that any examination of the defendant concerning a prior incident involving a claim of resisting arrest, particularly where he was not convicted of

such offense would severely prejudice the ability for him to receive a fair and unbiased trial. Accordingly it requested that the government be precluded from inquiring of the defendant the underlying basis for the pro se action he was entering the courthouse on the date of the occurrence for the purpose filing the amended complaint.

### III. Issuance of Subpoena's pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure for the materials set forth in IV upon submission to the court annexed hereto.

31. Were the Court to deny the defendant's request for the provision of the relief requested in Part I of this motion it requested that the Court issue the annexed Rule 17(c) subpoena for the materials.

32. Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of trial subpoenas duces tecum of documents or objects in criminal cases. Subpoenas duces tecum can be issued for return before trial by the prosecution or defense. One of the purposes of Rule 17(c) subpoenas is to expedite the trial by providing means fore pretrial inspection of subpoenaed materials. See *United States v. Nixon*, 418 U.S. 683, 698 (1974).

33. In *United States v. Nixon*, 418 U.S. at 699 the Supreme Court approved the criteria for considering Rule 17(c) subpoenas. They are (1) that the material sought is evidentiary and relevant, (2) that it is not otherwise procurable by the defendant reasonably in advance of trial by the exercise of due diligence; (3) that the defendant cannot properly prepare for trial without such production and inspection in advance and the failure to produce may unreasonably tend to delay the trial; and (4) that the application is made in good faith and is not intended as a general fishing expedition. The court in *Nixon* further refined the criteria by requiring a minimal showing of relevancy, admissibility and specificity. *Nixon*, 418 U.S. at 700. Examples of application of the criteria are found in *United States v. Cuthertson*, 630 F.2d 139 (3rd Cir. 1980); *United States v.*

*Purin*, 486 F.2d 1363 (2nd Cir. 1973, *cert denied*, 416 U.S. 986 (1974).

34. Nogbu desires to issue subpoenas to acquire: (1) the personnel file for CSO Esposito and all other CSO witnesses the government intents to call at trial including any and all

The proposed subpoenas have been filed with this motion. The need for the subpoenas flows directly from the nature of the charges against Nogbu as well as the failure of the government to satisfy its discovery obligations. Nogbu requires these records to prepare for trial. The specified portions of the personnel files would reveal both any prior substantiated complaints made against him for similar excessive use of force.

35 All the criteria set forth in *Nixon* are satisfied. Nogbu has submitted the proposed subpoenas with this filing so they may be reviewed by the court and counsel for their appropriateness. The requested subpoenas should be issued.

**IV For such further relief as the Court deems fair and appropriate**

**V. For leave to make further relevant motions as discovery continues to be provided and were the government to superceded the indictment added same herein.**

**VI. For such further relief as the Court deems fair and appropriate.**

36 On the basis of the foregoing facts, and for the reasons set advanced herein, we submit that we are entitled to the relief requested in the attached Notice of Motion.

WHEREFORE, we respectfully request that the Court grant the relief requested in the present motions, and that the Court grant such other and further relief as it may deem just and proper.

Dated: Lake Success, New York
      October 27, 2007

                                                        ALAN M. NELSON, ESQ. (AMN3891)

EXHIBIT "A"

PAGE: 002-002

CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

Page 1 of

| THE PEOPLE OF THE STATE OF NEW YORK -against- | MISDEMEANOR |
|---|---|
| 1. Rudolphe Ngibou (M 36)  736569 | |
| | Defendant |



2007CN001315

Police Officer Kevin Loro, shield 10037 of the 014 Precinct-Midtown South Precinct, states as follows:

On February 27, 2007, at about 15:00 hours in front of 357 West 35th Street in the County and State of New York, the Defendant committed the offenses of:

1.  PL205.30        Resisting Arrest
                    (1 count)
2.  PL240.20(6)     Disorderly Conduct
                    (1 count)

the defendant intentionally attempted to prevent a police officer and peace officer from effecting an authorized arrest of himself and another person; and the defendant, with intent to cause public inconvenience, annoyance and alarm and recklessly creating a risk thereof, congregated in a public place with other persons and refused to comply with a lawful order of the police to disperse.

The offenses were committed under the following circumstances:

Deponent states that deponent observed the defendant yelling and screaming. Deponent further states that deponent requested that the defendant exit the precinct at the above location and that the defendant refused to do so.

Deponent further states that when he was placing the defendant under arrest for the offense described above defendant clutched his hands to his chest.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____        02/27/07  17:30
Deponent                        Date and Time

ACT 5 Version 4.2.0 (printed on 02/27/07 5:21 PM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

*UNITED STATES OF AMERICA*

## SUBPOENA
## DUCES TECUM

*AGAINST*

07 Cr. 814 (JFK)

RODOLPHE NOGBUE
                    Defendant

---

**TO:** NEW YORK CITY POLICE DEPARTMENT- LEGAL BUREAU
One Police Plaza
New York, New York 10007

**IN THE NAME OF THE UNITED STATES OF AMERICA**

**YOU ARE COMMANDED** to appear before this Court at the Courthouse thereof at United States District Court for the Southern District of New York, 500 Pearl Street

in the State and County of New York, on the 19th day of November, 2007

at 3:30 P.M. as a witness in a criminal action prosecuted by the United States of America against

Rodolphe Nogbue, defendant and that you bring with you:

SEE ANNEXED RIDER

For a failure to comply with this subpoena you will be deemed guilty of Criminal Contempt of Court and be liable to the punishment provided by law thereof.

Dated at New York N.Y. , October        2007

SO ORDERED:

---

Hon. John F. Keenan, U.S.D.J.

## Schedule A

1. The personnel file for Vincent Esposito including any and all disciplinary proceedings, Civilian Complaints and reprimands solely those portions of the personnel files of Vincent Esposito which contain substantiated complaints for prior abuse of authority, prior aggressive conduct, false statements and inappropriate use of force which resulted disciplinary action to be taken against the individual named.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA

-v-

RODOLPHE NOGBOU,

07 Cr 814 (JFK)

Defendant
-------------------------------------------------X

# NOTICE OF MOTION, AFFIDAVITS IN SUPPORT & MEMORANDUM OF LAW

## ALAN M. NELSON, ESQ.

Attorney for Defendant

Office and Post Office Address, Telephone

3000 Marcus Avenue
Lake Success, New York 11042
(516) 328-6200