```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x
                                 :    ELECTRONICALLY FILED
UNITED STATES                    :

        -v.-                     :    07 Cr. 814 (JFK)

RODOLPHE NOGBOU,                 :

             Defendant.          :

- - - - - - - - - - - - - - - x
```

MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO
THE DEFENDANT'S MOTION IN LIMINE

                                                   MICHAEL J. GARCIA
                                                   United States Attorney for the
                                                   Southern District of New York
                                                   1 St. Andrew's Plaza
                                                   New York, New York 10007
                                                   Tel: (212) 637-2779

JOHN P. CRONAN (JC-1627)
Assistant United States Attorney
    - Of Counsel -

Table of Contents

I.   Preliminary Statement............................... 1

II.  Background.......................................... 2

III. Argument............................................ 3

     A.   The Court Should Deny The Defendant's Request
          For Inspection or In Camera Review of The
          Personnel Files of The Government's Witnesses... 3

     B.   The Government Does Not Oppose The Defendant's
          Motion To Preclude His Prior Criminal History... 8

     C.   The Court Should Not Issue The Proposed
          Subpoena *Duces Tecum*............................ 9

IV.  Conclusion.......................................... 14

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x
UNITED STATES                    :

        -v.-                     :    07 Cr. 814 (JFK)

RODOLPHE NOGBOU,                 :

        Defendant.               :

- - - - - - - - - - - - - - - - x
```

**MEMORANDUM OF LAW IN PARTIAL OPPOSITION TO
THE DEFENDANT'S MOTION IN LIMINE**

### I. PRELIMINARY STATEMENT

The United States of America, by its attorney, Michael J. Garcia, the United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in partial opposition to defendant Rodolphe Nogbou's motion in the above-referenced case, which was filed on October 28, 2007.

The defendant seeks the following: (1) an order permitting his inspection of, or alternatively *in camera* review of, the portions of the personnel files of Court Security Officer ("CSO") Vincent Esposito and any CSOs that the Government intends to call as witnesses that contain substantiated complaints resulting in disciplinary action; (2) an order precluding cross-examination on the defendant's prior conviction for disorderly conduct and the facts underlying that conviction; and (3) the issuance of a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) to the New York City Police Department ("NYPD") for CSO Esposito's personnel file.

As more fully set forth below, the Government opposes this motion with respect to the defendant's request for inspection or *in camera review* of the personnel files for its witnesses and for the issuance of the requested Rule 17(c) subpoena. The Government does not oppose the defendant's request to preclude questioning surrounding his prior disorderly conduct conviction.

## II.  Background

As alleged in the Complaint and Indictment, at approximately 12:15 p.m. on August 22, 2007, the defendant entered the Worth Street entrance of the Daniel Patrick Moynihan United States Courthouse. The defendant proceeded through the metal detector, and triggered the detector's alarm.

CSO Esposito then performed a security check on the defendant using a security wand. When CSO Esposito passed the wand in the vicinity of the defendant's waist area, the wand's alert was activated and the defendant struck CSO Esposito in the face. The defendant was placed under arrest, and CSO Esposito was transported by an ambulance to a nearby medical facility, where he received stitches for his injuries.

For this conduct, the defendant was charged with violating Title 18, United States Code, Section 111, by forcibly assaulting, resisting, opposing, impeding, intimidating, and interfering with CSO Esposito, while CSO Esposito was engaged in the performance of his official duties.

### III.   Argument

**A.   The Court Should Deny The Defendant's Request For Inspection or *In Camera Review* of The Personnel Files of The Government's Witnesses**

The defendant seeks production, or alternatively *in camera* review, of any portions of the personnel files of CSO Esposito and any other CSO that the Government seeks to call as a witness, "which contain substantiated complaints for prior abuse of authority, prior aggressive conduct and inappropriate use of force which resulted [in] disciplinary action to be taken against the witness." Defendant's Affirmation In Support and Annexed Memorandum of Law ("Mot.") ¶ 25; *see also id.* ¶ 17 (explaining that the defense "seeks the production of any prior substantiated complaints for abuse of authority, aggressive conduct, false statements and inappropriate use of force which resulted in disciplinary action to be taken against the witness").

The Government has a duty to disclose evidence favorable to the accused when such evidence is material to guilt, *Brady* v. *Maryland*, 373 U.S. 83, 87 (1963), and this duty covers not only exculpatory evidence but also impeachment information for Government witnesses, *Giglio* v. *United States*, 405 U.S. 150, 154 (1972). This disclosure obligation extends only to that material that, "'if suppressed, would deprive the defendant of a fair trial,'" *United States* v. *Coppa*, 267 F.3d 132, 135 (2d Cir. 2001) (quoting *United States* v. *Bagley*, 473 U.S. 667, 675 (1985)), and

-3-

that such a deprivation occurs only where there is a "reasonable probability" that the suppression "affected the outcome of the case," *United States* v. *Coppa*, 267 F.3d at 135 (citing *United States* v. *Bagley*, 473 U.S. at 682), or would have "'put the whole case in such a different light as to undermine confidence in the verdict,'" *Coppa*, 267 F.3d at 135 (quoting *Kyles* v. *Whitney*, 514 U.S. 419, 435 (1995)).

*Giglio* material need only be produced for Government witnesses. *See United States* v. *Green*, 178 F.3d 1099, 1109 (10th Cir. 1999) (holding that Government was under no obligation to produce *Giglio* material relating to informant because informant did not testify); *United States* v. *Mullins*, 22 F.3d .1365, 1372 (6th Cir. 1994) (same). *Giglio* material must be disclosed "in time for its effective use at trial." *Coppa*, 267 F.3d at 135. However, *Brady* and *Giglio* give rise to no pretrial remedies because there is no general right to pretrial discovery of impeachment material; "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *United States* v. *Nixon*, 418 U.S. 683, 701 (1974); *see United States* v. *Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980) (*Giglio* material "ripen[s]" into evidentiary impeachment material only when witness testifies).

The Government's *Giglio* obligation does not require the prosecutor to simply "deliver his entire file to defense

-4-

counsel." *United States* v. *Bagley*, 473 U.S. at 675; *see also United States* v. *Gaggi*, 811 F.2d 47, 59 (2d Cir. 1987). Rather, it is only material impeachment evidence that must be disclosed. *See Bagley*, 473 U.S. at 675-76; *United States* v. *Gaggi*, 811 F.2d at 59; *United States* v. *Leung*, 40 F.3d 577, 582 (2d Cir. 1994); *United States* v. *Kiszewski*, 877 F.2d 210, 216 (2d Cir. 1989). In order to meet the threshold of materiality, there must be a reasonable probability that, if disclosed, the impeachment evidence would change the outcome of the trial. *See Bagley*, 473 U.S. at 675-78; *see also Kyles* v. *Whitley*, 514 U.S. at 433-36; *United States* v. *Agurs*, 427 U.S. 97, 104 (1976); *United States* v. *Kiszewski*, 877 F.2d at 216. This standard requires consideration of whether, in the absence of the impeachment evidence, the defendant would "receive[] a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Kyles*, 514 U.S. at 534.

    The defendant identifies no federal caselaw or statute authorizing his review of the personnel files of the Government's witnesses to determine whether impeachment materials exist. To the contrary, the defendant relies on state authorities, and even concedes that, under those authorities, he must make a specified showing for review of personnel files:

> In order for the court to allow a party to intrude upon the privacy and confidentiality of an officers' [sic] personnel files, the movant must satisfy the requisite

> criteria set forth in Civil Rights Law § 50-a.  Section 50-a(2) states, in pertinent part **that no order shall issue without a clear showing** of the facts sufficient to warrant the Judge to release the records for disclosure or to request the records for an in camera review.  The facts must be detailed enough to that the Judge can determine that they constitute a sufficient basis for review.  Finally, the movant must show that the information contained in the personnel files has significant and demonstrable bearing on the matter at hand, having real importance to or great consequences for the outcome of the case. *People v. Gissendanner*, 48 N.Y. 2d 543, 423 N.Y.S.2d 893 (1979).  To merely make unsupported, conclusory statements that "the records **may** bear upon the issues to be tried" and "**it is better to do a little digging**" does not satisfy the statutory criterial required for full disclosure of in camera review.

Mot. ¶ 20 (emphases in original).  But such unsupported and conclusory statements are precisely what the defendant relies upon here.  The defendant's unfounded speculation that impeachment material exists in the personnel files for CSO Esposito and other CSO witnesses does not approach a clear showing of facts to warrant release of these personnel files.

The Government is fully aware of its obligation under *Giglio* to disclose impeachment information for its witnesses.  Accordingly, to the extent there is any material required to be disclosed under *Giglio*, the Government will produce any such material to the defense at the appropriate time prior to that witness's testimony.  At this stage, however, there is nothing for the Court to rule on with respect to impeachment material that the Government has not provided to the defense.

Nor would *in camera* review of the personnel files for the CSO witnesses be appropriate at this stage, where there is no suggestion of potential impeachment material that the Government is refusing to disclose. The Second Circuit's decision in *Kiszewski* is easily distinguishable. There, the Second Circuit found error in the district court's refusal to conduct an *in camera* review of the personnel file of a federal agent who would testify at trial for the Government. *See Kiszewski*, 877 F.2d at 216. In *Kiszewski*, however, the Government had represented to the district court that the agent had been the subject of two complaints and several allegations, resulting in exoneration on the first complaint, a letter of reprimand on the second, and a determination that the allegations were unfounded. *See id.* at 215. The Second Circuit determined that the district court erred by relying only on the Government's representations, and commented, "[b]ecause we, like the district court, have only the government's description of the allegations contained in [the agent's] file and have not seen the file itself, we do not know whether the information, if disclosed, might have created a reasonable probability that the outcome of the trial would have been different." *Id.* at 216.

Unlike in *Kiszewski*, no evidence has been presented of prior professional misconduct on the part of any of the Government's potential witnesses, the defendant has not alleged any specific

-7-

instances of such misconduct, and the defendant has not articulated how any information contained in the personnel files would be material to his case. *See United States* v. *Yarborough*, No. 06-CR-190(A), 2007 WL 962926, at **11-12 (W.D.N.Y. Mar. 28, 2007) (distinguishing *Kiszewski*: "In contrast to *Kiszewski*, here, the Government has represented that it is unaware of an exculpatory material contained in its law enforcement files, nor have Defendants specifically alleged any instances of law enforcement misconduct which may be contained in the files and exculpatory to Defendants. Moreover, Defendants have not shown how such material, if disclosed, is material to their case."); *see also United States* v. *James*, No. 02 Civ. 0778 (SJ), 2007 WL 914242, at *20 (E.D.N.Y. Mar. 21, 2007) ("To warrant *in camera* review, the defendant must make a particularized showing of the materiality and usefulness of the information contained in the files.").

In sum, the Government has stated its intention to comply with its obligation under *Giglio*, and will provide impeachment material for its witnesses — if any such material exists — at the appropriate time prior to when those witnesses testify.

**B.   The Government Does Not Oppose The Defendant's Motion To Preclude His Prior Criminal History**

The defendant also moves, pursuant to Federal Rules of Evidence 609(a) and 403, for an order precluding cross-examination with respect to his February 28, 2007 conviction for

-8-

disorderly conduct, in violation of New York Penal Law 240.20, and the facts surrounding that conviction.  *See* Mot. ¶ 26.  The Government does not oppose the defendant's request to preclude such examination.

**C.   The Court Should Not Issue The Proposed Subpoena *Duces Tecum***

As an alternative to the defendant's request for inspection of the personnel files, *see supra* II.A, the defendant asks the Court to issue a proposed subpoena *duces tecum* to the NYPD Legal Bureau.  The rider for the proposed subpoena seeks, "The personnel file for Vincent Esposito, including any and all disciplinary proceedings, Civilian Complaints and reprimands solely those portions of the personnel files of Vincent Esposito which contain substantiated complaints for prior abuse of authority, prior aggressive conduct, false statements and inappropriate use of force which resulted in disciplinary action to be taken against the individual named."

It is unclear from this rider language whether the proposed subpoena would seek the entire personnel file or only that portion pertaining to substantiated complaints resulting in disciplinary action against CSO Esposito.  What is clear, however, is that the proposed subpoena is an attempt to embark on a fishing expedition, with the transparent purpose of hoping to unearth material to impeach CSO Esposito.  The defendant not only speculates that CSO Esposito formerly worked for the NYPD, but

-9-

also assumes that CSO Esposito's personnel file contains substantiated complaints that resulted in discipline.

While the City of New York would of course have the opportunity to move to quash any subpoena issued, the Government opposes the defendant's request for the issuance of a subpoena pursuant to Rule 17(c). The Government has standing to challenge this proposed subpoena because its legitimate interests are affected. *See United States* v. *Nektalov*, No. S2 03 Cr. 828 (PKL), 2004 WL 1574721, at *1 (S.D.N.Y. July 14, 2004); *United States* v. *Giampa*, 92 Cr. 437, 1992 WL 296440, at **1-2 (S.D.N.Y. Oct. 7, 1992). In particular, the subpoena seeks production of the personnel files from a former employer for a Government employee. This implicates privacy concerns as well as the possibility of undue harassment of a Government witness. *See United States* v. *Giampa*, 1992 WL 296440, at *1 (finding that the Government had standing to move to quash a Rule 17(c) subpoena, because the "Government clearly has an interest in preventing any undue lengthening of the trial, any undue harassment of [its potential witness] and his family, and any prejudicial over-emphasis on [the potential witness's] credibility").

The proposed subpoena should not be issued for at least two reasons. First, the subpoena constitutes a fishing expedition and the defendant has failed to articulate any relevant documents that exist in CSO Esposito's personnel file with the NYPD.

-10-

Second, the transparent and lone purpose of the subpoena is to uncover impeachment material, which is an improper use of Rule 17(c).

Pursuant to Federal Rule of Criminal Procedure 17(c), "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered into evidence." A party seeking production pursuant to a Rule 17(c) subpoena "must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States* v. *Nixon*, 418 U.S. at 699-700. The Supreme Court counseled in *Nixon* that a Rule 17(c) subpoena is "not intended to provide a means of discovery for criminal cases." *Id.* at 698; *accord United States* v. *Cuthbertson*, 630 F.2d at 146 (cautioning against the use of Rule 17(c) as a "broad discovery device"). "[I]f the moving party cannot reasonably specify the information contained in or believed to be contained in the documents sought but merely hopes

that something useful will turn up, the requirements of specificity will not have been met." *United States* v. *Sawinski*, No. 00 Cr. 499 (RPP), 2000 WL 1702032, at *2 (S.D.N.Y. Nov. 14, 2000).

Yet, the defendant seeks to use Rule 17(c) with nothing more than such a hope "that something useful will turn up." The defendant has identified absolutely no evidence to suggest that any material relevant to this case — which involves a single incident that occurred on August 22, 2007 — is contained in CSO Esposito's personnel file with his suspected former employer. Embarking on this sort of fishing expedition plainly is not a permissible use of Rule 17(c). *See In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979) (explaining that the party seeking production under Rule 17(c) has the burden of establishing, *inter alia*, "'that the application is made in good faith and is not intended as a general 'fishing expedition.''" (quoting *Nixon*, 418 U.S. at 699-700)); *United States* v. *Ferguson*, No. 3:06CR137 (CFD), 2007 WL 2815068, at *2 (D. Conn. Sept. 26, 2007) (explaining that the possibility that a subpoena could uncover additional evidence is not a permissible use of Rule 17(c)).

Relatedly, it is clear that the defendant hopes that the proposed subpoena will turn up material to impeach CSO Esposito, and it is well-settled that the search for impeachment materials is not a proper use of a Rule 17(c) subpoena. Indeed, the

-12-

defendant's motion makes clear that the information he hopes to obtain from the subpoena has nothing to do with the incident at issue, but solely relate to CSO Esposito's conduct when working for a former employer.  *See* Mot. at ¶ 34 ("The specified portions of the personnel files would reveal both any prior substantiated complaints made against him for similar excessive use of force.").  The Supreme Court has admonished, however, that "[g]enerally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial." *Nixon*, 418 U.S. at 701; *accord United States* v. *Holihan*, 248 F. Supp. 2d 179, 183 (W.D.N.Y. 2003) ("Evidence sought only to impeach a government witness, however, is not subject to production by a third party in response to a Rule 17(c) subpoena."); *United States* v. *Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("several cases articulate an absolute prohibition on the use of a Rule 17(c) subpoena solely for impeachment purposes").  This is because such material would "ripen into evidentiary material for purposes of impeachment only if and when the witness testifies at trial." *Cuthbertson*, 630 F.2d at 144.  For this reason as well, the proposed subpoena should not be issued.

## IV. Conclusion

For the foregoing reasons, the Government respectfully requests that the Court deny the defense's request for inspection or *in camera* review of the personnel files for the CSOs who would be Government witnesses at trial, and that the Court also deny the defense's request for issuance of the proposed Rule 17(c) subpoena.

Dated:   New York, New York
         November 12, 2007

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York

                         By:    /s/ John P. Cronan
                              JOHN P. CRONAN (JC-1627)
                              Assistant United States Attorney
                              1 St. Andrew's Plaza
                              New York, New York  10007
                              Tel.: (212) 637-2779
                              Fax: (212) 637-2937