```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,



                -v-                        07 Cr 814(JFK)


RODOLPHE NOGBOU,


                Defendant.

-----------------------------------X
```

DEFENDANT RODOLPHE NOGBOU'S REQUESTS TO CHARGE

```
                        ALAN NELSON
                        Attorney for Defendant
                        3000 Marcus Avenue
                        Lake Success, New York  11042
```

REQUEST NO. 1

General Requests

The Defendant RODOLPHE NOGBOU respectfully requests that the Court give its usual instructions to the jury on the following matters:

- a. Function Of Court And Jury.
- b. Indictment Not Evidence.
- c. Statements of Court And Counsel Not Evidence.
- d. Burden Of Proof And Presumption Of Innocence.
- e. Reasonable Doubt.
- f. Government Treated Like Any Other Party.
- g. Definitions, Explanations And Example of Direct And Circumstantial Evidence.
- h. Credibility of Witnesses.
- i. Stipulations (If Applicable).
- j. Right to See Exhibits and Have Testimony Read During Deliberations.
- k. Sympathy: Oath of Jurors.
- l. Punishment Is Not To Be Considered By The Jury.
- m. Verdict Of Guilt Or Innocence Must Be Unanimous.

Request 2

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence comes in various forms such as the sworn testimony of witnesses and exhibits.

There are in addition, different kinds of evidence-- direct evidence and circumstantial evidence.

Direct evidence is where a witness testifies to what he or she saw or heard. In other words, when a witness testifies about what is known or his or her own knowledge by virtue of his or her own senses -- what the witness sees, touches or hears -- that is called direct evidence.

Circumstantial evidence is evidence which tends to prove or disprove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Also assume, that this courtroom has no windows and you can not look outside.

As you are sitting here, someone walks in shaking an umbrella which is dripping wet. Somebody else then walks in with a raincoat which is also dripping wet.

Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But, On the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that at the moment it was raining outside.

Of course, not all circumstantial evidence presents such

2

a clear and compelling inference and the strength of the inference arising from other circumstantial evidence is for you to determine.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from an established fact the existence or the nonexistence of some other fact. Please bear in mind however, that an inference is not to be drawn by guesswork or speculation.

Circumstantial evidence is of no less value than direct evidence; for it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant the jury must first be satisfied of the defendant's guilt beyond a reasonable doubt base on all the evidence in the case. You are to consider all the evidence in the case, both direct and circumstantial, in determining what the facts are an in arriving at your verdict.

### Authority

Adapted from the charge of the Honorable Arthur D. Spatt in <u>United States v. Gordon</u>, 96 Cr. 1016(ADS) (E.D.N.Y. 1999) and from the charge of the Honorable Michael B. Mukasey in <u>United States v. Stolfi</u>, 88 Cr. 53 (MBM) (S.D.N.Y. 1988)

REQUEST NO. 3

**ASSAULT -ELEMENTS OF OFFENSE -**

In order to find the defendant guilty of the crime charged the government must prove each of the following four elements:

First, that on or about August 22, 2007 Vincent Esposito was a federal officer as i will define that term to you;

Second, that at the time, the defendant forcibly assaulted, or resisted or opposed or impeded or intimidated or interfered with Vincent Esposito and this forcible action involved actual physical contact with Vincent Esposito;

Third, that at the time Vincent Esposito was engaged in the performance of his official duties;

Fourth, that the defendant acted wilfully; and

Fifth, that the defendant's actions resulted in bodily injury.

### Authority

Adopted from 1 Sand, Modern Federal Jury Instructions, 14.2 and from <u>United States v. Temple</u>, 447 F.3d 130 (2nd cir. 2006).

4

REQUEST NO. 4

**FIRST ELEMENT**

The first element the government must prove beyond a reasonable doubt is that on or about August 22, 2007 Vincent Esposito was a federal officer.

I instruct you that a federal officer includes a Contract Court Security Officer performing the duties of a Special Deputy United States Marshall. However it is for you to determine if Vincent Esposito held that title at the time in question.

The government does not have to prove that the defendant knew the identity of the victim or that the defendant knew the victim was a federal officer. The crime of assault on a federal officer is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is sufficient to satisfy this element for the government to prove that the victim was a federal officer at the time of the assault. Whether the defendant knew that the victim was a federal officer is irrelevant to such a determination, and should not be considered by you.

**Authority**

Sand Pattern Jury Instructions 14-3

REQUEST NO. 5

**SECOND ELEMENT - FORCIBLE CONDUCT**

The second element the government must prove beyond a reasonable doubt is that the defendant "forcibly assaulted or resisted or opposed or impeded or intimidated or interfered with" the victim.

Although the indictment alleges the defendant "forcibly assaulted, resisted, opposed, impeded, intimidated and interfered with the victim, and specifically alleges that the defendant intentionally struck the victim in the face, I instruct you that it is not necessary for the government to prove that the defendant did all of those things, that is "assaulted, resisted, opposed" and so forth. It is sufficient if the government proves beyond a reasonable doubt that the defendant did any one of those alternative acts as charged. You must, however be unanimous in your finding of which of the acts has been proven. I will define to you the acts specified by the statute.

All of the acts - assault, resist, oppose, impede, intimidate and interfere with - are modified by the word "forcibly." Thus, before you can find the defendant guilty you must find beyond a reasonable doubt, that he acted "forcibly". Forcibly means by use of force. Physical force is obviously sufficient. You may also find that a person who in fact has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person has acted forcibly. In such a case, the threat must be a present one. A threat to use force at some unspecified time in the future does not satisfy the element.

Here, the government alleges in the Indictment that the defendant struck the victim in the face.

Therefore in order to satisfy this element the forcible action must involve actual physical contact with the victim.

### Authority

Adopted from Sand, Pattern Jury Instructions 14-4

REQUEST SIX

**SECOND ELEMENT - ASSAULT**

An "assault" is an unlawful attempt or offer with force or violence to do injury to the person of another, with such apparent present possibility of carrying out such an attempt as to put the person against whom the attempt was made in fear of personal violence.

Assault is any intentional or knowing or harmful or offensive bodily touching, without justification or excuse, with another's person, regardless of whether physical harm is intended or inflected. It is not necessary that the victim have a reasonable apprehension of bodily harm.

### Authority

Sand, Pattern Jury Instructions 14-5; United States v. Whitefeather, 275 F.3d 741, 743 (8th Cir. 2002).

<u>REQUEST SEVEN</u>

**SECOND ELEMENT - RESIST**

The word "resist" means opposing, by physical power, striving against, exerting one's self to counteract, defeat or frustrate.

## <u>Authority</u>

Sand, Pattern Jury Instructions 14-6

REQUEST EIGHT

**SECOND ELEMENT - OPPOSE, IMPEDE, INTIMIDATE, or FRUSTRATE**

The word "oppose" means to resist by physical means;

"Impede" means stopping progress, obstructing or hindering;

"Intimidate" means to make timid or fearful. To inspire or affect with fear, to frighten, to deter or to overawe;

"Interfere with" means to come into collision with to intermeddle, to hinder, to interpose, to intervene.

**Authority**

Sand, Pattern Jury Instructions 14-7

REQUEST NINE

**THIRD ELEMENT - ENGAGED IN PERFORMANCE OF OFFICIAL DUTIES**

The third element the government must prove beyond a reasonable doubt is that at the time of the alleged assault the victim was engaged in the performance of his official duties.

You may find the victim was so engaged if you find that at the time of the alleged assault, he was acting within the scope of what he was employed to do.

### Authority

Sand, Pattern Jury Instructions 14-8

11

REQUEST TEN

**FOURTH ELEMENT - WILLFULNESS**

The fourth element the government must prove beyond a reasonable doubt is that the defendant committed the ac or acts charged in the indictment willfully. In other words, you must be persuaded that the defendant acted voluntarily and intentionally, and not by mistake or accident.

### Authority

Sand, Pattern Jury Instructions 14-9

REQUEST ELEVEN

**LESSER INCLUDED OFFENSE - SIMPLE ASSAULT**

If after careful consideration of all of the evidence, you have a reasonable doubt whether the defendant's forcible conduct resulted in actual physical contact with Vincent Esposito, then you must find the defendant not guilty of assault. You may then consider whether the defendant is guilty of the lesser included offense of simple assault. Simple assault differs from assault in that the government must still prove that the defendant acted forcibly, but need not prove that the defendant's forcible conduct resulted in actual physical contact with Vincent Esposito. However the government must prove all of the other elements of assault that I have described to you.

**Authority**

Sand, Pattern Jury Instructions 14-9.1; United States v. Chestaro, 197 F.3d 600 (2nd Cir. 1999).

13

REQUEST TWELVE

**FIFTH ELEMENT – BODILY INJURY**

The last element the government must prove beyond a reasonable doubt is that the assault resulted in a bodily injury.

"Bodily injury" means any injury, no matter how temporary. Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness or impairment of bodily function.

## Authority

Sand, Pattern Jury Instructions 14-10

REQUEST THIRTEEN

**SELF-DEFENSE/JUSTIFICATION**

The defendant contends that he acted in self-defense in having physical contact with the victim. He has presented evidence that he was justified, or had an excuse for his conduct contending that the victim used excessive means in performing his duties, which resulted in the defendant employing reasonable force in self defense. He has offered evidence in support of this contention. The government has offered evidence in opposition to it. The burden of proof is upon the government to prove that the defendant did not act in self-defense.

If the defendant knew of the official identity or purpose of the victim then the defendant has no valid claim of self-defense. A person has no right to resist arrest even if it turns out the arrest is unlawful if the person is aware of the official identity of the arresting officer.

However, an individual has the right to be free from the use of excessive force by a law enforcement officer even when that officer is engaging in his lawful duties. Section 111 does not prohibit the use of reasonable force when employed in a justifiable belief that it is exerted in the self-defense of excessive force employed by the an officer.

Use of force is justified when a person reasonably believes that it is necessary for the defense of oneself against immediate use of unlawful excessive force.

Accordingly, if you find that Vincent Esposito used

15

excessive force in performing his official duties you may consider whether the defendant was justified in using reasonable force in self-defense of that conduct.

You must then consider whether the amount of force used by the defendant was reasonable.

If you so find you may find the defendant not guilty.

### Authority

Sand, Pattern Jury Instructions 14-11; <u>United States v. Whitefeather</u>, 275 F.3d 741, 743 (8th Cir. 2002); <u>United States v. Span</u>, 970 F.2d 573, 576-578 (9th Cir. 1992); <u>United States v. Wallace</u>, 368 F.2d 537, 538 (4th Cir. 1966); <u>United States v. Frizzi</u>, 491 F.2d 1231, 1232 n.s (1st Cir. 1974)

REQUEST FOURTEEN

**Defendant's Right Not To Testify**
[If requested by defense.]

The defendant RUDOLPHE NOGBOU under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

**Authority**

Sand et. al., Modern Federal Jury Instructions, Instr. 5-21.

Dated:     Lake Success, New York
           December 21, 2007

                                    Respectfully submitted,

                                    Alan M. Nelson
                                    Attorney for Defendant
                                    Rudolphe Nogbou
                                    3000 Marcus Avenue
                                    Lake Success, New York  11042
                                    (516) 328-6200


                                    By: _____
                                        ALAN M. NELSON
                                        Attorney for Defendant