UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     **ELECTRONICALLY FILED**

            - v. -                :     07 Cr. 814 (JFK)

RODOLPHE NOGBOU,                   :

            Defendant.            :

- - - - - - - - - - - - - - - x


**THE GOVERNMENT'S REQUESTS TO CHARGE**


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for the United States
 of America


JOHN P. CRONAN
GLEN G. McGORTY
Assistant United States Attorneys

    - Of Counsel -

TABLE OF CONTENTS

REQUEST NO.                                                        PAGE

1        General Requests ......................... 1

2        Summary of the Indictment ................ 2

3        Assault Upon a Federal Officer
         or Employee: 18 U.S.C. § 111 ............. 3

4        Assault Upon a Federal Officer
         or Employee:  The Elements ............... 4

5        First Element:  Victim Was A
         Federal Employee ......................... 5

6        Second Element: Forcible
         Conduct .................................. 6

7        Third Element: "Engaged in . . . the
         Performance of Official Duties" or
         "On Account of the Performance of
         Official Duties"......................... 8

8        Fourth Element:  Unlawfully, Wilfully,
         and Knowingly ............................ 10

9        Fifth Element: Bodily Injury ............. 11

10       Conjunctive and Disjunctive .............. 12

11       Venue .................................... 13

12       Uncalled Witness – Equally Available to
         Both Sides (If Applicable) ............... 14

13       Law Enforcement Witnesses ................ 15

14       Variance in Dates ........................ 16

15       Defendant's Testimony (Requested Only
         If Defendant Testifies) .................. 17

16        Defendant's Right Not To Testify
          (If Requested By Defense) ................  18

17        Sympathy: Oath of Jurors .................  20

18        Punishment is Not to be Considered
          by the Jury ..............................  21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

              - v. -              :    07 Cr. 814 (JFK)

RODOLPHE NOGBOU,                  :

              Defendant.          :

- - - - - - - - - - - - - - - x


### THE GOVERNMENT'S REQUESTS TO CHARGE

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following instructions in its charge to the jury. The Government also requests leave to offer such additional instructions as may become appropriate during the course of the trial.

<u>REQUEST NO. 1</u>

**General Requests**

      The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

    a.    Function of Court and Jury.

    b.    Indictment Not Evidence.

    c.    Statements of Court and Counsel Not Evidence.

    d.    Rulings on Evidence and Objections.

    e.    Burden of Proof and Presumption Of Innocence.

    f.    Reasonable Doubt.

    g.    Government Treated Like Any Other Party.

    h.    Definitions, Explanations, and Examples of Direct and Circumstantial Evidence.

    i.    Inferences.

    j.    Credibility of Witnesses.

    k.    Stipulations (If Applicable).

    l.    Right to See Exhibits and Have Testimony Read During Deliberations.

    m.    Verdict of Guilty or Not Guilty Must be Unanimous.

    n.    Particular Investigative Techniques Not Required (If Applicable).

    o.    Character Testimony (If Applicable).

<u>REQUEST NO. 2</u>

## Summary of the Indictment

The Indictment in this case contains one count.  That count charges that, on or about August 22, 2007, in the Southern District of New York, RODOLPHE NOGBOU, the defendant, assaulted, resisted, opposed, impeded, intimidated, and interfered with a federal officer or employee while that person was engaged in his official duties, and, in the commission of these acts, caused bodily injury.  Specifically, the Indictment charges that NOGBOU struck Court Security Officer Vincent Esposito while Officer Esposito was working at the security checkpoint at an entrance to the United States Courthouse, located a 500 Pearl Street, New York, New York, causing Officer Esposito to sustain bodily injury.

<u>REQUEST NO. 3</u>

**Assault Upon a Federal Officer or Employee:
18 U.S.C. § 111**

The defendant is charged with assaulting a Court Security Officer and causing bodily injury, in violation of Section 111(a) and 111(b) of Title 18, United States Code. Section 111(a) provides in pertinent part that:

> Whoever . . . forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties . . .

is guilty of a crime. Section 111(b) applies if, "in the commission of any acts described" in Section 111(a), the defendant "inflicts bodily injury."

The persons designated in Section 1114 of Title 18, United States Code, include officers or employees of the United States or of any agency in any branch of the United States Government while employed in the performance of official duties, and any person assisting such an officer or employee in the performance of such duties.

> Adapted from the charge given by the Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Chestaro</u>, 97 Cr. 457 (LAK), <u>aff'd</u> 197 F.3d 600 (2d Cir. 1999), <u>cert. denied</u>, 530 U.S. 1245 (2000), and the charge given by the Honorable Loretta A. Preska in <u>United States</u> v. <u>Critton</u>, 01 Cr. 652 (LAP).

<u>REQUEST NO. 4</u>

**Assault Upon a Federal Officer or Employee:
The Elements**

In order to find the defendant guilty of this crime, you must find the following beyond a reasonable doubt:

*First*, that, on or about August 22, 2007, Court Security Officer Vincent Esposito was a federal officer as I will define that term for you;

*Second*, that, on or about that same time, the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Officer Esposito, and this forcible action involved actual physical contact with Officer Esposito;

*Third*, that, at that time, Officer Esposito was engaged in the performance of his official duties, or that Officer Esposito was assaulted on account of his official duties;

*Fourth*, that the defendant acting wilfully -- in other words, that he acted knowingly, intentionally, and voluntarily; and

*Fifth*, that the defendant's actions resulted in bodily injury to Officer Esposito.

Adapted from the charge given by Judge Kaplan in <u>Chestaro</u> and the charge given by Judge Preska in <u>Critton</u>. <u>See also</u> Sand, <u>Model Federal Jury Instructions</u> ¶ 14.01, Instr. 14-2.

-4-

REQUEST NO. 5

**First Element:  Victim Was A Federal Employee**

The first element you must find is that, on or about August 22, 2007, Court Security Officer Vincent Esposito was a federal employee.  I instruct you that, for the purposes of this element, a Court Security Officer who has been deputized as a Special Deputy United States Marshal is a federal employee. However, it is for you to determine if Vincent Esposito held that position at the time in question.

The Government need not prove that the defendant knew the identity or affiliation of Officer Esposito, or that the defendant knew that Officer Esposito was a Court Security Officer who was deputized as a Special Deputy United States Marshal.  The crime of assault on a federal officer is designed to protect federal officers acting in pursuit of their official functions, and therefore, it is enough for the Government to prove that Officer Esposito was a federal officer at the time of the assault.  Whether the defendant knew that Officer Esposito was a federal officer at the time is irrelevant to such a determination, and should not be considered by you.

> Adapted from the charge given by Judge Dominick L. DiCarlo in United States v. Shi Shi Wen, 96 Cr. 766 (DLD), the charge given by Judge Kaplan in Chestaro, and the charge given by Judge Preska in Critton.  See also United States v. Feola, 420 U.S. 671 (1975); Sand, Model Federal Jury Instructions ¶ 14.01, Instr. 14-3.

-5-

<u>REQUEST NO. 6</u>

**Second Element:  Forcible Conduct**

The second element you must find is that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with Court Security Officer Esposito, and that this forcible action involved actual physical contact with Officer Esposito.  What do these terms mean?  There is nothing difficult about them.  They have their common, everyday meaning.

Although the indictment alleges that the defendant "did forcibly assault, resist, oppose, impede, intimidate, and interfere with" the victim, I instruct you that it is not necessary for the government to prove that the defendant did all of those things, that is, assaulted, resisted, opposed, and so forth.  It is sufficient if the government proves beyond a reasonable doubt that the defendant did any one of these several alternative acts as charged.  You must, however, be unanimous in your finding of which of the acts has been proven.  I will define for you the acts specified by the statute.

All of the acts – assault, resist, oppose, impede, intimidate, and interfere with – are modified by the word "forcibly."  Thus, before you can find the defendant guilty, you must find, beyond a reasonable doubt, that he acted forcibly. "Forcibly" means the use of force, the threat to use force, or the display of force in a way or with the intent to impede or intimidate or interfere with a federal officer while in the performance of official duties.  "Forcibly" does not mean that

-6-

force must actually have been used.  It is sufficient that force was threatened.  You may also find that a person who, in fact, has the present ability to inflict bodily harm upon another and who threatens or attempts to inflict bodily harm upon such person has acted forcibly.  In such a case, the threat must be a present one.  A threat to use force at some unspecified time in the future does not satisfy this element.

In order to satisfy this element, the forcible action must involve actual physical contact with Officer Esposito.

An "assault" is an attempt -- or an offer with force and violence -- to do injury to the person of another, with such apparent possibility of carrying out such attempt as to put the person against whom the attempt was made in fear of personal violence.

"Resist" means to withstand by physical power, to strive against, to counteract, to defeat or to frustrate.

"Oppose" means to resist by physical means.

"Impede" is defined as stopping progress, obstructing, or to hindering.

"Intimidate" is defined as to make fearful or to inspire or affect with fear, to frighten, to deter or to overawe.

"Interfere" means to come into collision with, to hinder, to interpose, or to intervene.

Adapted from the charges given by Judge Kaplan in <u>Chestaro</u> and Judge Preska in <u>Critton</u>.  <u>See</u> <u>Chestaro</u>, 197 F.3d at 604-06; <u>see also</u> Sand, <u>Modern Federal Jury Instructions</u> ¶ 14.01, Instrs. 14-4 to 14-7.

<u>REQUEST NO. 7</u>

**Third Element:**
**"Engaged in . . . the Performance of Official Duties" or**
**"On Account of the Performance of Official Duties"**

The third element that the Government must prove beyond a reasonable doubt is that, at the time of the act or acts charged in the Indictment, Court Security Officer Vincent Esposito was engaged in the performance of his official duties, or that the act or acts occurred on account of the performance of his official duties.

The phrase "while engaged in . . . the performance of official duties" means activity within the general scope of what Officer Esposito was employed to do or was expected to do. Although it is not necessary for the Government to prove that Officer Esposito was explicitly authorized to do what he was doing at the time of the alleged assault, the Government must prove beyond a reasonable doubt that his actions at the time he was forcibly assaulted were closely related to those "official duties." A Government officer or employee is not engaged in "official duties" if he is involved in some personal venture of his own.

The Government need not prove that the defendant knew that Officer Esposito was engaged in the performance of his official duties. It is sufficient if Court Esposito was in fact engaged in the performance of his official duties.

With respect to the second theory -- that Officer Esposito was assaulted "on account of the performance of official

-8-

duties" -- the Government must prove beyond a reasonable doubt that the assault was motivated by the performance of official duties by Officer Esposito, and not that Officer Esposito was actually engaged in the performance of such duties, as is required by the first theory.

You are instructed that it is not necessary that the Government prove that, at the time of the assault, Officer Esposito was engaged in the performance of official duties <u>and</u> that the assault occurred on account of the performance of official duties.  It is sufficient if you find beyond a reasonable doubt that Officer Esposito was engaged in the performance of official duties at the time of the assault <u>or</u> that he was assaulted on account of the performance of official duties.  You must be unanimous, however, in your finding under either theory.

> Adapted from the charges given by the Judge Kaplan in <u>Chestaro</u> and Judge Preska in <u>Critton</u>.  <u>See also</u>  Sand, <u>Modern Federal Jury Instructions</u> ¶ 14.01, Instr. 14-8.

<u>REQUEST NO. 8</u>

**Fourth Element:**
**Unlawfully, Wilfully, and Knowingly**

The Information charges the defendant with having acted unlawfully, wilfully, and knowingly.  What do these words mean?

"Unlawfully" simply means contrary to law.  The defendant need not have known that he was violating any <u>particular</u> law or rule.  The defendant need only have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "wilfully" if it is done deliberately and purposefully.  That is, the defendant's act must have been the product of the defendant's conscious objective rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

> Adapted from the charges given by the Judge Kaplan in <u>Chestaro</u> and Judge Preska in <u>Critton</u>.  <u>See also</u> Sand, <u>Modern Federal Jury Instructions</u> ¶ 14.01, Instr. 14-8; <u>United States</u> v. <u>Dardi</u>, 330 F.2d 316 (2d Cir.), <u>cert. denied</u>, 379 U.S. 845 (1964); <u>United States</u> v. <u>Townsend</u>, 987 F.2d 927, 930 (2d Cir. 1993) (definition of "intentionally").

<u>REQUEST NO. 9</u>

**Fifth Element:  Bodily Injury**

The last element the Government must prove beyond a reasonable doubt is that the assault resulted in a bodily injury.

"Bodily injury" means any injury, no matter how temporary.  Bodily injury includes physical pain as well as any burn, cut, abrasion, bruise, disfigurement, illness, or impairment of a bodily function.

Adapted from Sand, <u>Modern Federal Jury Instructions</u> ¶ 14.01, Instr. 14-10.

REQUEST NO. 10

**Conjunctive and Disjunctive**

You are instructed that it is not necessary that the Government prove that the defendant assaulted, resisted, opposed, impeded, intimidated, and interfered with Court Security Officer Esposito.  It is sufficient if you find beyond a reasonable doubt that the defendant wilfully committed one or more of these acts against Officer Esposito, so long as you find that all of the other elements that I have described have been proven.  You must, however, be unanimous in your finding of which of the acts has been proven.

For example, if you find beyond a reasonable doubt that the defendant wilfully assaulted, but not resisted, Officer Esposito, you may find the defendant guilty if you also find beyond a reasonable doubt that, at the time of the assault, Officer Esposito was an officer or employee of the United States or of any agency in any branch of the United States Government, that, at the time of the assault, Officer Esposito was engaged in the performance of official duties (or that the assault was done on account of Officer Esposito's performance of official duties), and that Officer Esposito sustained bodily injury.

Adapted from the charges given by Judge Kaplan in Chestaro and Judge Preska in Critton.

-12-

<u>REQUEST NO. 11</u>

**Venue**

       In addition to the elements I have described for you, in order to convict you must decide whether the crime occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, as well as other areas.  I instruct you that the United States Courthouse, at 500 Pearl Street, in Manhattan is in the Southern District of New York.

       I should note that on this issue -- and this issue alone -- the Government need not offer proof beyond a reasonable doubt.  Venue need be proven only by a preponderance of the evidence.  The Government has satisfied its venue obligations, therefore, if you conclude that it is more likely than not that the crime occurred in Manhattan.

       If you find that the Government has failed to prove this venue requirement, you must acquit the defendant of this charge.

       Adapted from the charges given by Judge Kaplan in <u>Chestaro</u> and Judge Preska in <u>Critton</u>, and from Sand, <u>Modern Federal Jury Instructions</u> ¶ 3.01, Instr. 3-11.

REQUEST NO. 12

**Uncalled Witness:  Equally Available to
Both Sides (If Applicable)**

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government or to the defendant or to both.

On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call a witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Honorable Kenneth Conboy in United States v. Lew, 91 Cr. 361 (KC) (S.D.N.Y. 1991), and from Sand, Modern Federal Jury Instructions, Instr. 6-7.  See generally United States v. Ebb, 543 F.2d 438, 444 (2d Cir.) (discussing propriety of missing witness charges), cert. denied, 429 U.S. 981 (1976).

> "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.'  No instruction is necessary where the unpresented testimony would be merely cumulative." United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted) (emphasis in original); see also United States v. Nichols, 912 F.2d 598, 601 (2d Cir. 1990).

-14-

<u>REQUEST NO. 13</u>

**Law Enforcement Witnesses**

You have heard testimony of law enforcement officials, namely Court Security Officers, who are Special Deputy United States Marshals, and a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement.  The fact that a witness may be employed by the government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25.

-15-

REQUEST NO. 14

**Variance in Dates**

       The Indictment makes reference to a certain date.  It does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, the act occurred on a different date.  The law requires only a substantial similarity between the date alleged in the Information and the date established by the evidence.  It is for you to determine whether any such difference is material and, if you find it was material, then you must find the defendant not guilty.

       Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3-12 & 3-13.

-16-

REQUEST NO. 15

**Defendant's Testimony**
**(Requested Only If Defendant Testifies)**

As you saw, the defendant took the witness stand and testified. I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case. You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.

> See United States v. Gaines, 457 F.3d 238, 240 (2d Cir. 2006) ("[W]e find error in the instruction that the defendant's interest in the outcome of the case created a motive to testify falsely, and we prohibit the use of such instructions in future trials. We also express our disapproval of instructions that highlight a testifying defendant's deep personal interest in the outcome of a trial. We recommend that a witness's interest in the outcome of the case be addressed in the court's general charge concerning witness credibility; if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.").

REQUEST NO. 16

**Defendant's Right Not To Testify
(If Requested By Defense)**

The defendant did not testify in this case.  Under
our Constitution, a defendant has no obligation to testify or
to present any evidence, because it is the Government's burden
to prove the defendant guilty beyond a reasonable doubt.  That
burden remains with the Government throughout the entire trial
and never shifts to a defendant.  A defendant is never required
to prove that he is innocent.

You may not attach any significance to the fact that
the defendant did not testify.  No adverse inference against
him may be drawn by you because he did not take the witness
stand.  You may not consider this against the defendant in any
way in your deliberations in the jury room.

Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 5-21.

REQUEST NO. 17

**Sympathy:  Oath as Jurors**

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You are to determine the guilt or innocence of the defendant solely on the basis of the evidence and subject to the law as I have charged you.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 2-12, and from the charge of the Honorable Irving Kaufman in United States v. Davis, aff'd, 353 F.2d 614 (2d Cir. 1965), cert. denied, 384 U.S. 953 (1966).

The most important part of this case is the part which you now, as jurors, are about to play, because it is for you and you alone to decide whether the defendant is guilty or not guilty of the crime charged.  I know you will try the issue that has been presented to you according to the oath which you have taken as jurors, in which you promised that you would well and truly try the issue in this case and render a true verdict.  And I suggest to you that if you follow that oath without combining your thinking with any emotions, you will arrive at a just verdict.  It must be clear to you that once you get into an emotional state and let fear or prejudice or bias or sympathy interfere with your thinking, then you will not arrive at a true and just verdict.  Calm deliberation and good common sense are the qualities you should bring with you into the jury room.

> Adapted from the charges of Judge Motley in United States v. Martinez-Torres, Tr. 3449-50; Judge Edelstein in United States v. Sheppard, supra, Tr. 720-21; and

-19-

Judge Murphy in <u>United States</u> v. <u>Umans</u>, 65
Cr. 264, <u>aff'd</u>, 368 F.2d 725 (2d
Cir. 1966).

The just determination of this case is important to
the defendant and to the Government.  Under your oath as
jurors, you must decide the case without fear or favor and
solely as I have stated in any number of times, in accordance
with the evidence and the law.

If the Government has failed to carry its burden,
your sworn duty is to bring in a verdict of not guilty.  If the
Government has carried its burden, you must not flinch from
your sworn duty, but you must bring in a verdict of guilty
against the defendant.

Adapted from the charges of Judge Weinfeld
in <u>United States</u> v. <u>Corr</u>, 75 Cr. 803, 75
Cr. 1059, Tr. 5426, <u>aff'd</u>, 543 F.2d 1042
(2d Cir. 1976), Judge Wyatt in <u>United
States</u> v. <u>Zane</u>, Tr. at 4127-28, and Judge
Edelstein in <u>United States</u> v. <u>Sheppard</u>,
<u>supra</u>, Tr. 721.

REQUEST NO. 18

**Punishment Not to be Considered by the Jury**

Under your oath as jurors, you cannot allow a consideration of possible punishment that may be imposed upon the defendant, if convicted, to influence you in any way or in any sense to enter into your deliberations.  The duty of imposing sentence is mine and mine alone.  Your function is to weigh the evidence and to determine whether the defendant is or is not guilty upon the basis of evidence and the law.

Therefore, I instruct you not to consider punishment or possible punishment in any way in your deliberations in this case.

Adapted from the charges of the Honorable Vincent L. Broderick in United States v. Drucker (S.D.N.Y.), Tr. 3151; the Honorable Edward Weinfeld in United States v. Bruswitz, aff'd, 219 F.2d 59, 62-63 (2d Cir.), cert. denied, 349 U.S. 913 (1955); and the Honorable Harold L. Tyler in United States v. Natelli, 74 Cr. 43 (S.D.N.Y. 1974), Tr. 2379-80, aff'd, 527 F.2d 311 (2d Cir.), cert. denied, 425 U.S. 934 (1975).

Dated:   New York, New York
         January 3, 2008

                              Respectfully submitted,

                              MICHAEL J. GARCIA
                              United States Attorney for the
                              Southern District of New York
                              Attorney for the United States
                                of America


                         By:  /s/ John P. Cronan
                              JOHN P. CRONAN
                              GLEN G. McGORTY
                              Assistant United States Attorneys
                              Tel.:  (212) 637-2779/2505
                              Fax: (212) 637-2937

-22-