Court Ex. #2 (1-7-08)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA         :   **ELECTRONICALLY FILED**

         - v. -                  :   07 Cr. 814 (JFK)

RODOLPHE NOGBOU,                 :

              Defendant.         :

- - - - - - - - - - - - - - - x

2008

### THE GOVERNMENT'S PROPOSED
### EXAMINATION OF PROSPECTIVE JURORS

                                        MICHAEL J. GARCIA
                                        United States Attorney
                                        Southern District of New York
                                        Attorney for the United States
                                             of America

JOHN P. CRONAN
GLEN G. McGORTY
Assistant United States Attorneys

  - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :

        - v. -                  :    07 Cr. 714 (JFK)

RODOLPHE NOGBOU,                :

        Defendant.              :

- - - - - - - - - - - - - - - x
```

## THE GOVERNMENT'S PROPOSED EXAMINATION OF PROSPECTIVE JURORS

The Government respectfully requests that the Court include the following questions in its examination of prospective jurors pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure. The Government also requests that the Court pursue more detailed questioning at the sidebar or in the robing room if a prospective juror's answer to any question reveals that further inquiry is appropriate and, in such an instance, conclude with an inquiry as to whether the particular fact or circumstance would influence the prospective juror in favor of or against either the Government or the defendant.

I.      **The Charges**

1.      This is a criminal case. The defendant, Rodolphe Nogbou, has been charged in an indictment with assaulting a federal officer, Court Security Office Vincent Esposito, and causing bodily injury to Officer Esposito.

      2.    The Indictment is not evidence itself.  It simply contains the charges that the Government is required to prove to the satisfaction of the jury beyond a reasonable doubt.  I would like to summarize the charge in this case in order to determine whether there is anything about the nature of this case which may make it difficult or inappropriate for any of you to serve on the jury.

      3.    The Indictment consists of one count.  That count charges that, on or about August 22, 2007, in the Southern District of New York, Rodolphe Nogbou, the defendant, unlawfully, willfully, and knowingly did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, while such person was engaged in and on account of the performance of official duties, and, in the commission of said acts, did inflict bodily injury, to wit, Nogbou intentionally struck Court Security Officer Vincent Esposito in the face while Officer Esposito was working as a Court Security Officer at the security checkpoint at the Worth Street entrance to the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007, causing Officer Esposito to suffer cuts and abrasions and resulting in the need for Officer Esposito to receive medical attention, including stitches.

      4.    Do any of you believe you have personal knowledge of the charges contained in the Indictment as I have described them? Have any of you read or heard anything about this case? If so, is there anything you have read or heard that would cause you to feel that you cannot decide the fact issues of this case fairly and impartially?

**II.**    **Nature of Charges**

      5.    Have you or any of your close friends or family ever had any personal experiences with the United States Marshals Service or Court Security Officers? Obviously by coming to this courthouse today, you had experience at the security checkpoint with the United States Marshals Service and Court Security Officers. Was there anything about this experience that you think is relevant to your ability to render a fair and impartial verdict in this case?

      6.    Have any of you formed an opinion that any of the actions charged in the Indictment, as I have described them, should not be a crime? Do any of you believe that assaulting or interfering with a federal officer or employee should not be illegal, or that the law governing such crimes should not be enforced? Is there anything about the nature of the charge that would cause you to be unable to render a fair and impartial verdict in this case?

7. The defendant, Rodolphe Nogbou, was attempting to enter a federal courthouse and was required to undergo a security check, including walking through a metal detector and receiving a supplemental security check by a Court Security Officer using with a handheld security wand. Do these facts change your view as to whether you could be fair and impartial in deciding the case? Is there anything about the court's requirement that all visitors pass through security that would cause you to be unable to render a fair and impartial verdict in this case?

8. Have any of you been involved in an offense involving an assault on or interference with a federal, state, or local law enforcement officer or any other person? Do any of you have a relative, close friend or associate who has been involved in such an offense? Have you, or any member of your family or any of your close friends, had any experience of any kind, directly or indirectly, with such behavior? [As to any juror who answers affirmatively, the Court is respectfully requested to inquire, at the bench or in the robing room, into the circumstances of each such involvement or experience.]

III. **Knowledge of the Trial Participants**

9. The defendant named by the Government in this case is Rodolphe Nogbou. [*Please ask the defendant to stand.*] Do any of you know, or have you had any dealings, directly or

indirectly, with the defendant, or with any relative, friend, or associate of the defendant?

    10.    To your knowledge, do any of your relatives, friends, associates, or employers know the defendant, or any relatives, friends or associates of the defendant?

    11.    Rodolphe Nogbou is represented by Alan M. Nelson, Esq.  [*Please ask counsel to stand.*]  Do any of you know Mr. Nelson or anyone that he works with?  Have any of you or your family members or close friends had dealings, either directly or indirectly, with Mr. Nelson or anyone he works with?

    12.    The Government is represented here, as in all cases where it is a party before this Court, by the United States Attorney for the Southern District of New York, who is Michael J. Garcia.  The conduct of the trial will be in the immediate charge of Assistant United States Attorneys John Cronan and Glen McGorty and Paralegal Amy Young.  [*Please ask counsel to stand.*]  Do any of you know Mr. Garcia, Mr. Cronan, Mr. McGorty, or Ms. Young?  Have you or your family members or close friends had any dealings either directly or indirectly with them?

    13.    I will now read a list of names of individuals whose names may be mentioned during the trial, or who may be witnesses in this case.  [*A list will be provided to the Court in advance of jury selection.*]  Do any of you know any of these people?  Have you had any dealings either directly or indirectly

with any of these individuals?  Have your relatives, friends, associates, employers or employees had any dealings with any of these individuals?

    14.   Does anyone know any of the other potential jurors?

**IV.**      **Relevant Location**

    15.   The conduct about which you will hear took place in the lobby near the Worth Street entrance of 500 Pearl Street, the federal courthouse you are in right now.  Do any of you have any knowledge of this location that would render you unable to decide a case involving that location fairly and impartially?

**V.**      **Law Enforcement Witnesses**

    16.   The witnesses in this case will include law enforcement personnel.  The law requires that the testimony of a law enforcement witness not be given any greater or less credence than any other witness merely because of the witness's official position.  Would you be more likely to believe or disbelieve a witness merely because he or she is a law enforcement officer?

**VI.**      **Relationship with Government**

    17.   Do any of you know, or have any association – professional, business, or social, direct or indirect – with any member of the staff of the United States Attorney's Office for the Southern District of New York, any members of the staff of the United States Marshals Service, or any Court Security

Officer? Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

19. Do any of you have any bias, prejudice, or other feelings for or against the United States Attorney's Office, the United States Marshals Service, Court Security Officers, or any other law enforcement agency? Have any of you, either through any experience you have had or anything you have seen or read, developed any bias or prejudice for or against the United States Attorney's Office, the United States Marshals Service, Court Security Officers, or any other law enforcement agency?

19. Have you, or has any member of your family, either as an individual, or in the course of business, ever been a party to any legal action or dispute with the United States, or with any of the officers, departments, agencies, or employees of the United States, including the United States Marshals Service or any other federal agency? Have any of you had any legal, financial, or other interest in any such legal action or dispute, or its outcome? Have any of you, or any member of your family, ever had such a dispute concerning payment of money owed to you by the Government?

**VII.     Prior Jury Service**

20. Have you ever, at any time, served as a member of a grand jury, whether in federal, state, county, or city court? If so, when and where did you serve? If yes, were you the foreperson?

21. Have you ever served as a juror in any court? If so, were you the foreperson? If so, when, and in what court did you serve, and was it a civil or criminal case? What was the nature of the case? Without saying what it was, did the jury reach a verdict? Do you think the outcome was fair?

**VIII.    Experience as a Witness, Defendant, or Crime Victim**

22. Have any of you, or any of your relatives or close friends, ever been involved or appeared as a witness in any investigation by a federal or state grand jury, or by a Congressional or state legislative committee, licensing authority, or governmental agency? Have you, or any of those close to you, ever been questioned in any matter by a federal, state, or local law enforcement agency?

23. Have you ever been a witness or a complainant in any federal or state prosecution?

24. Are you, or is any member of your family, now under subpoena or, to your knowledge, about to be subpoenaed in any criminal case?

25. Have you, or has any member of your family, any associate, or close friend, ever been charged with a crime?

26. Have you, or have any of your relatives, associates, or close friends ever been the subject of any investigation or accusation by any federal or state grand jury, or by any Congressional committee?

27. Have you, or any of your close friends or relatives, ever been a victim of a crime? [*As to any juror who answers affirmatively, the Government respectfully requests that the Court inquire, at the bench or in the robing room, into the circumstances of each crime.*]

IX.     **General Questions For The Panel**

28. Do any of you have problems with your hearing or vision which would prevent you from giving full attention to all of the evidence at this trial?

29. Are any of you taking any medication, or do any of you have any medical condition, that would prevent you from giving full attention to all of the evidence at this trial?

30. Do any of you have any difficulty in reading or understanding English?

31. Do any of you have any religious, philosophical, or other beliefs that would make you unable to render a guilty verdict for reasons unrelated to the law and the evidence?

-9-

**X.**     <u>**Function of the Court and Jury**</u>

32. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or the lawyers say or do may encroach in any way on your role as the exclusive fact-finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your own notions of what the law is, or what you think it should be. At the conclusion of the case, your job will be to determine whether or not the defendant is guilty as charged in the Indictment. Do any of you have any bias or prejudice that might prevent or hinder you from accepting the instructions of law that I will give you in this case?

33. Will each of you accept the proposition that the question of punishment is for the Court alone to decide, and that the possible punishment must not enter into your deliberations as to whether the defendant is guilty?

34. Will each of you accept the proposition of law that sympathy must not enter into the deliberations of the jurors as to guilt of the defendant, and that only the evidence produced here in Court may be used by you to determine the guilt of the defendant?

35. It is not a particularly pleasant duty to find another individual guilty of committing a crime. Do any of you

-10-

feel that even if the evidence established the defendant's guilt beyond a reasonable doubt, you might not be able to render a guilty verdict for reasons unrelated to the law and the evidence?

## XI.      Other Biases

36.     In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror.  Apart from any prior question, do any of you have the slightest doubt in your mind, for any reason whatsoever, that you will be able to serve conscientiously, fairly, and impartially in this case, and to render a true and just verdict without fear, favor, sympathy, or prejudice, and according to the law as it will be explained to you?

## XII.     Individual Questions for Each Juror

37.     The Government respectfully requests that the Court ask each juror to state the following information:

        a.     the juror's age;

        b.     the area in which the juror resides and any other area the juror has resided during the last ten years;

        c.     where the juror was born;

        d.     the juror's educational background, including the highest degree obtained;

        e.     whether the juror has served in the military;

        f.     the juror's occupation;

        g.      the name and location of the juror's employer, and the period of employment with that employer;

        h.      the name and location of other employment within the last five years;

        i.      the name and location of employers with respect to the juror's spouse and any working children;

        j.      what newspapers and magazines the juror reads and how often;

        k.      what television programs the juror regularly watches; and

        l.      the juror's hobbies and leisure-time activities.

### XIII. Requested Instruction Following Impaneling of the Jury

38. From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your own family and your friends.

39. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me through my deputy clerk. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of

them outside this courtroom, they will, and should, ignore you. Please do not take offense. They will be acting properly by doing so.

Dated:  New York, New York
        January 3, 2008

>       Respectfully submitted,
>
>       MICHAEL J. GARCIA
>       United States Attorney for the
>       Southern District of New York
>       Attorney for the United States
>         of America
>
> By:   __/s/ John P. Cronan__
>       JOHN P. CRONAN
>       GLEN G. McGORTY
>       Assistant United States Attorney
>       Tel.: (212) 637-2779/2505
>       Fax: (212) 637-2937

## CERTIFICATE OF SERVICE

JOHN P. CRONAN, pursuant to Title 28, United States Code, Section 1746, hereby declares under the penalty of perjury:

That I am an Assistant United States Attorney in the Office of the United States Attorney for the Southern District of New York.

That on January 3, 2008, I caused a copy of the attached Government's Proposed Examination of Prospective Jurors to be delivered by Federal Express to:

> Alan M. Nelson, Esq.
> 3000 Marcus Avenue, Suite 1E5
> Lake Success, NY 11042

I declare under penalty of perjury that the foregoing is true and correct, pursuant to 28 U.S.C. Section 1746.

Dated:  New York, New York
        January 3, 2008

                            /s/ John P. Cronan
                            JOHN P. CRONAN
                            Assistant United States Attorney