**ALAN M. NELSON**

ATTORNEY AT LAW

3000 MARCUS AVENUE, SUITE 1E5
LAKE SUCCESS, NEW YORK 11042
TELEPHONE: (516) 328-6200
FAX: (516) 328-6354

NEW YORK OFFICE:
111 JOHN STREET
SUITE 640
NEW YORK, NY 10038

April 12, 2008

BY HAND & ECF

Hon. John F. Keenan
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: United States v. Rodolphe Nogbou
O7 Cr. 814 (JFK)

Dear Judge Keenan:

Please accept this letter as a reply to the government's sentencing memorandum dated April 10, 2008 wherein the government requests that the Court in calculating the defendant's Guideline Range impose a two level upward adjustment for Obstruction of Justice pursuant to U.S.S.G. 3C1.1.

The government bears the burden of proving by a preponderance of the evidence that the defendant obstructed justice to justify the two level enhancement. United States v. Brennan, 326 F.3d 176 (3rd Cir. 2003). Where the enhancement is sought as a consequence of a contention that the defendant testified falsely at trial additional considerations must be taken into account so as to not chill the right of the individual to testify at trial. See United States v. Dunnigan, 507 U.S. 87 (1993).

The district court is required to make independent findings that the defendant willfully attempted to obstruct justice. It is insufficient for the court to simply find that the jury thought the defendant lied as a consequence of its verdict. The court must find that the misrepresentations were willful, material to the prosecution and made with the specific intent to obstruct justice rather than as a result of confusion or faulty memory. United States v. Walsh, 119 F.3d 115 (2nd Cir. 1997). Although the court can adopt the PSR if it is sufficiently detailed and explicit about the defendant's perjury, the court cannot do so if contested and where the record fails to show the specific basis for th court's finding of perjury the case must be remanded for resentencing. United States v. Ben-Shimon, 249 F.3d 98 (2nd Cir. 2001).

Hon. John F. Keenan
April 12, 2008
Page 2

The fact that the defendant's testimony is contradicted by other witnesses or by the jury's verdict does not by itself permit the district court to find that the defendant committed perjury. The court must make independent findings based upon the record at trial.  United States v. Canova, 412 F.3d 331 (2nd Cir. 2005).

The government contends that Nogbou lied during his testimony with respect to material issues.  In support of this contention the government relies upon three aspects of Nogbou's trial testimony basis for such enhancement.

First, the government contends "the most obvious lie was the defendant's patently ridiculous story that CSO Esposito *shoved* the security wand down his pants".  (See Gov't. Ltr. at 9).   Initially, and rather ironically, it must be noted that in seeking an enhancement for the defendant having provided false testimony on this point the government mis-states and in fact exaggerates Nogbou's actual trial testimony on the issue.  At no time did Nogbou testify that CSO Espoisito "*shoved*" the security wand down his pants.  Rather, Nogbou testified that Esposito "inserted one into my waist area", "grabbed one side of the pant and insert the wand inside", "when he inserted the thing in my ...pant, because the wand was coming this way. I set my hand inside the pant and swept the wand aside". (Tr. 322-325 and Gov't. Ltr. at 4).

Moreover, other than Esposito's contention that he did not insert the wand into Nogbou's bib there is no other testimony to resolve this issue.  Indeed it appears that the jury had considerable difficulty in resolving this question and apparently believed there was in fact some merit to Nogbou's contention that he perceived Esposito did insert the wand into his bib. This is evinced by Jury Note Number 5 wherein in the first question to the Court the Jury inquires "Is it unlawful for an individual to interfere or impede with a search process if they perceive that action to be in violation of their person?" (Tr. 469).

It is submitted that the trial testimony does not establish by a preponderance of the evidence that Nogbou made a material misrepresentation on this issue.  Moreover under the circumstances of the events it is submitted that the government cannot and has not demonstrated that his testimony on the issue was made with the specific intent to obstruct justice rather than as a result of confusion or faulty memory. United States v. Walsh, 119 F.3d 115 (2nd Cir. 1997).

The second issue raised by the government is the contention that Nogbou "insisted that he politely complied with the security procedures and never cursed". (Gov't Ltr. at 10). Again the government overstates its position.  Although Nogbou adamantly denied he was cursing at the CSOs at no time did he testify that "he politely complied with the security procedures". Indeed Nogbou stated that "he turned around and start talking to the other people, complaining to the other people." (Tr. 352).  For an enhancement for obstruction to apply the government must demonstrate that the misrepresentations were willful, material to the prosecution and made with the specific intent to obstruct justice. Nogbou was charged with assaultive conduct, not

Hon. John F. Keenan
April 12, 2008
Page 3

disorderly conduct. Even were he to have cursed during the incident his testimony denying the same is simply not a material misrepresentation designed to obstruct justice.

Finally the government contends that Nogbou lied about making physical contact with CSO Esposito. (Gov't Ltr. at 12). This testimony should not form the basis of an enhancement for obstruction of justice. Nogbou's direct testimony was that pushed the bottom portion of the wand upward with his right hand open. He denied striking CSO Esposito in the face with his hand and " did not believe the wand came into contact with him". (Tr. 327-328). Special Agent Herbert, clearly the individual in the best position to observe the incident, testified on cross-examination in substance that Nogbou raised both of his arms simultaneously causing Esposito's arms to come upwards. (Tr. 270-273). It appears that this action had the unintended consequence of causing the wand to strike Esposito in the face. Certainly the testimony makes clear that Nogbou did not intend to strike Esposito in the face. Indeed that the jury wrestled with this question and appears to have reached the conclusion based upon their notes that Nogbou did not intend to strike Esposito or cause injury to him. In Court Exhibit #6 the jury inquires "Is the phrase 'with bodily injury" mean the use of force to intend to cause bodily injury or does it mean an inadvertent consequence of an action".

Nogbou did not intend to deceive the Court or obstruct justice in describing the events which occurred in a very short period of time. Morevoer the governments own witnesses contradict each other on the issue. While Esposito testified that Nogbou "brought his right fist into my face" (Tr. 72) and alleged in the Criminal Complaint that Nogbou 'punched" him in the face, Agent Herbert's testimony makes clear this was not the case. In short, it is submitted that the government cannot and has not demonstrated that his testimony on the issue was made with the specific intent to obstruct justice rather than as a result of confusion or faulty memory. United States v. Walsh, supra. It is therefore submitted that the enhancement for obstruction must be denied.

For the aforementioned reasons and those set forth in the defendant sentencing memorandum we urge the Court to fashion a sentence recognizing Mr. Nogbou's status, conduct and minimal criminal history balanced by society's interests.

A sentence of Time Served, which is 8 months incarceration coupled with the fact that he will not be released from custody, but rather will be immediately transferred to BICE custody for removal proceedings would facilitate the goals set forth in the Parsimony clause of 18 U.S.C. 3553a. Imposition of a sentence of Time Served would provide adequate punishment balanced against the nature of the offense. Nogbou's transfer to BICE custody for removal proceedings would allow him to be more expeditiously returned to his native Ivory Coast, thereby preventing any recidivistic conduct on his part. This would comport with the statutory requirement of protecting the public from any future conduct of the defendant.

Hon. John F. Keenan
April 12, 2008
Page 4

Respectfully submitted,

Alan M. Nelson, Esq.

AMN/en
cc: AUSA John Cronin
    USPO Johnny Kim
    Rodolphe Nogbou