Lance Croffoot-Suede
Danielle M. Randazzo
Jared R. Jenkins
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105
(+1) 212 903 9000 (Tel)
(+1) 212 903 9100 (Fax)

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

United States of America,

      v.

Rodolphe Nogbou,

      Defendant.

07 Cr. 814 (JFK)

---------------------------------------------------------x

# DEFENSE COUNSEL'S REPLY MEMORANDUM IN THE MATTER OF UNITED STATES v. RODOLPHE NOGBOU

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

I. A TWO-LEVEL UPWARD ADJUSTMENT FOR OBSTRUCTION OF JUSTICE
   PURSUANT TO GUIDELINES SECTION 3C1.1 IS INAPPROPRIATE ......................... 1

   A. The Court is Required to Make an Independent Factual Inquiry into Whether Mr.
      Nogbou Committed Perjury ........................................................................................ 2

   B. Mr. Nogbou's Trial Testimony was Not a Willful Attempt to Obstruct Justice or
      Impede the Government ............................................................................................. 3

CONCLUSION .............................................................................................................................. 4

## TABLE OF AUTHORITIES

### CASES

Page

United States v. Arakelian,
218 F.App'x 76 (2d Cir. 2007) ...................................................................................3

United States v. Canova,
412 F.3d 331 (2d Cir. 2005)...............................................................................1,2,3

United States v. Catano-Alzate,
62 F.3d 41 (2d Cir. 1995)...........................................................................................2

United States v. Dunnigan,
507 U.S. 87 (1993) ....................................................................................................2

United States v. Jasper,
291 F. Supp. 2d 248 (S.D.N.Y. 2003) .......................................................................2

United States v. Williams,
79 F.3d 334 (2d Cir. 1996).........................................................................................2

### STATUTES

18 U.S.C. § 3553(a)..................................................................................................4

### OTHER AUTHORITIES

U.S. Sentencing Guidelines § 3C1.1 ...................................................................1,2,3

U.S. Sentencing Guidelines § 2A2.3 ........................................................................4

U.S. Sentencing Guidelines § 2A2.4 ........................................................................4

# PRELIMINARY STATEMENT

The defense respectfully submits this memorandum of law in response to the Government's letter of August 8, 2008 and in advance of Mr. Nogbou's sentencing, which is scheduled for Thursday, August 14, 2008 at 9:45 a.m.[1]  The defense respectfully incorporates and reasserts the arguments made in its August 6, 2008 submission to this Court.  As such, this reply memorandum mainly addresses the new arguments raised by the Government in its submission that were not included in our August 6, 2008 submission.

I. **A TWO-LEVEL UPWARD ADJUSTMENT FOR OBSTRUCTION OF JUSTICE PURSUANT TO GUIDELINES SECTION 3C1.1 IS INAPPROPRIATE**

The defense respectfully submits that the Government has asked for an improper application of United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 3C1.1 ("Obstruction or Impeding the Administration of Justice") to Mr. Nogbou's sentence and therefore, the two-level upward adjustment should not be added to his base offense level.  A two-level upward adjustment is appropriate "if the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct..." U.S.S.G. § 3C1.1.

Perjury may be considered an obstruction of justice; however, a two-level upward adjustment is only warranted after the Court finds "that the defendant 1) willfully 2) and materially 3) committed perjury, which is (a) the intentional (b) giving of false testimony (c) as to a material matter." United States v. Canova, 412 F.3d 331, 357 (2d Cir. 2005).  Perjury has

---

[1] At the request of Mr. Nogbou and to insure that he is fully satisfied that all of his arguments and statements are included in the record, a letter from Mr. Nogbou detailing additional points he wishes to make in his own words to the Court is hereto attached as Exhibit A.

been defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Williams, 79 F.3d 334, 337 (2d Cir. 1996).

> A. **The Court is Required to Make an Independent Factual Inquiry into Whether Mr. Nogbou Committed Perjury**

When a defendant objects to a Section 3C1.1 enhancement based on trial testimony, "a district court must review the evidence and make independent findings necessary to establish *a willful impediment to or obstruction of justice,* or an attempt to do the same." Canova, 412 F.3d at 357 (emphasis added). This two-level upward adjustment is warranted only when supported by sufficient factual findings. "This requirement of fact finding insures that courts will not automatically enhance sentences whenever the accused takes the stand and is thereafter found guilty." United States v. Catano-Alzate, 62 F.3d 41, 42 (2d Cir. 1995). The Supreme Court made clear that "it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." Williams, 79 F.3d at 337, citing United States v. Dunnigan, 507 U.S. 87, 95 (1993). At a minimum this Court is required to make its own independent finding of perjury before the two-level upward adjustment for obstruction of justice may be applied. Id.

Determining that a defendant obstructed justice by giving testimony on his behalf at trial "has the potential to undermine the defendant's constitutional right to testify on [his] own behalf." United States v. Jasper, 291 F. Supp. 2d 248, 260 (S.D.N.Y. 2003). In fact, the Guidelines warn that Section 3C1.1 should not be used to "punish a defendant for the exercise of a constitutional right . . . in respect to alleged false testimony or statements by the defendant, the court should be cognizant that inaccurate testimony or statements sometimes may result from confusion, mistake or faulty memory and, thus, not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." U.S.S.G. § 3C1.1, n.2. Notably, the

2

United States Probation Office ("Probation") did not recommend this Court include the two-level adjustment to Mr. Nogbou's base offense level in its Presentence Investigation Report ("PSR").

### B. Mr. Nogbou's Trial Testimony was Not a Willful Attempt to Obstruct Justice or Impede the Government

The Government argues that Mr. Nogbou used profanities and had an unpleasant disposition when he entered 500 Pearl Street on the day of the incident. The Government states this in contrast to Mr. Nogbou's trial testimony, when he said that he was calm and collected and did not swear or curse. Tr. at 354-57. Even if Mr. Nogbou provided false trial testimony about his use of profanity,[2] his statements were not made with "the specific intent to obstruct justice." Canova, 412 F.3d at 343; U.S.S.G. § 3C1.1. Where testimony relates to matters that do not in themselves determine the defendant's guilt or innocence and the jury could reasonably return a guilty verdict even if it believed defendant's testimony to be truthful, judgment of conviction alone would not ordinarily support upgrade. U.S.S.G. § 3C1.1. Notably, "identification of perjury is just one of the three elements necessary to a § 3C1.1 enhancement." Canova, 412 F.3d at 357. Further, as noted in defense's opening brief, the video tape which captures the incident at issue unfortunately does not contain audio. Use of profane or hostile language does not relate to the offense of conviction and is not relevant conduct. It is irrelevant whether Mr. Nogbou was polite when he went through the security procedures at the Court house.

The Government must demonstrate that the defendant obstructed justice by a preponderance of the evidence to support a two-level upward adjustment. United States v. Arakelian, 218 F.App'x 76 (2d Cir. 2007). The Government states that Mr. Nogbou told a "ridiculous story that CSO Esposito shoved the security wand down his pant." Mr. Nogbou simply told the facts of the incident on August 22, 2007 as he perceived them, which he continues to stand by. His statement of the facts did not give rise to a material falsehood, does

---

[2] This statement is for argument purposes only and Mr. Nogbou maintains that he did not commit perjury.

not warrant a finding of perjury, and does not demonstrate intent to obstruct or impede the administration of justice.

## CONCLUSION

This Court can reach a sentence of time-served in three different ways: (1) find that Mr. Nogbou's base offense level is 7 pursuant to U.S.S.G. § 2A2.3 and his Guidelines range is 0-6 months without the two-level adjustment for bodily injury or obstruction of justice, or 4-10 months with the two-level adjustment for bodily injury; (2) apply U.S.S.G. § 2A2.4 without the two-level adjustment for bodily injury or obstruction of justice and find that Mr. Nogbou's Guidelines range is 12-18 months; or (3) impose a non-Guidelines sentence of time-served pursuant to 18 U.S.C. § 3553(a). The defense respectfully submits that the two-level adjustment for obstruction or impeding the administration of justice should not be applied to Mr. Nogbou's sentence and again respectfully requests that this Court impose a sentence of time-served.

Dated:   New York, NY
         August 13, 2008

Respectfully submitted,

Linklaters LLP

By: _____
Lance Croffoot-Suede (LC-3725)
Danielle M. Randazzo (DR-1198)
Jared R. Jenkins (JJ-0531)
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000
(212) 903-9100 (fax)

*Attorneys for Defendant Rodolphe Nogbou*

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

United States of America,

                v.                                07 Cr. 814 (JFK)

Rodolphe Nogbou,

                    Defendant.

------------------------------------------------------------x

## CERTIFICATE OF SERVICE

       I, Jared R. Jenkins, an attorney duly admitted to practice law before this Court, certify under penalty of perjury that on August 13, 2008, I caused to be served a true copy of Defense Counsel's Sentencing Memorandum on behalf of Rodolphe Nogbou, dated August 13, 2008, and the accompanying Exhibits, on the following attorney of record:

BY HAND

        Mr. John P. Cronan
        Assistant United States Attorney
        United States Department of Justice
        Southern District of New York
        One Saint Andrew's Plaza
        New York, New York 10007

Dated: August 13, 2008
       New York, New York

                                      By: _____
                                               Jared R. Jenkins

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States

    v.

Rodolphe Nogbou

---

07 CR. 814 (JFK)

DEFENDANT'S RESPONSE
ON HIS OWN BEHALF TO
THE GOVERNMENT'S LETTER
OF APRIL 10, 2008 AND
SENTENCING MEMORANDUM
OF AUGUST 8, 2008

TO HONORABLE JOHN F. KEENAN
   UNITED STATES DISTRICT JUDGE
   SOUTHERN DISTRICT OF NEW YORK
   500 PEARL STREET
   NEW YORK, NY 10007

   John P. Cronan
   Assistant U.S. Attorney
   Southern District of New York
   One St. Andrew's Plaza
   New York, NY 10007

   Lance Croffot-Suede
   Attorney At Law
   Linklaters LLP
   1345 Avenue Of The Americas
   New York, NY 10105

FROM DEFENDANT
   Rodolphe Nogbou
   # 60326-054
   MCC-New York
   150 Park Row
   New York, NY 10007

Your Honor:

      RODOLPHE NOGBOU, defendant in the above-captioned matter, had submitted on August 7, 2008, a Sentencing Memorandum On His Own Behalf, because of divergences of views between the defendant and his counsel.

      The present submission, is the defendant's response on his own behalf to the government's letter of April 10, 2008, and sentencing memorandum of August 8, 2008.

## I. DEFENDANT'S RESPONSE ON HIS OWN BEHALF TO THE GOVERNMENT'S SENTENCING MEMORANDUM OF AUGUST 8, 2008

It ought to be noted that, this government's sentencing memorandum had been drafted mainly on the defendant's counsel's own sentencing memorandum; rather than on the defendant's sentencing memorandum on his own behalf.

The defendant would like to reiterate again, that due to divergences of views between the defendant (Rodolphe Nogbou) and defendant's counsel (Mr. Lance Croffoot-Suede), about the facts of this case, the defendant's counsel's view should not be viewed as the view of the defendant, nor the facts of this case, related by defendant in this matter at hand.

The defendant's counsel, Mr Lance Croffoot-Suede, is not a witness in this case, and was not on the scene of the events of August 22, 2007; consequently, his different view of the facts of this case, must not be used to condemn the defendant. And that, it would be an error to condemn the defendant based on defendant's counsel's view (which is different from the defendant's view and the jury's verdict and findings).

However, the defendant makes his present response on the ground of the government's sentencing memorandum of August 8, 2008, for sentencing purposes only.

1.         1. **Defendant's Own View Of The Government's Sentencing Memorandum Of August 8, 2008**

2. It ought to be noted that, the United States Department of Justice, The United States Congress, and the United States Courts of Law, had set enough precedents, for any rational person to distinguish between a genuine prosecution and a questionable prosecution under federal Courts.

3. It is well accepted that, the prosecutor, as Court Official, is bound to tell the truth, and not to use facts know (through existing evidence) to be false to prosecute people. Moreover, any bold disregard of evidence, for the purposes of recreating the facts and evidence of a case, to fit a certain desire of the prosecutor to condemn, is also well accepted, not to be pattern of a genuine prosecution under federal Courts.

4. For anyone who had seen the proceedings of the trial of the instant matter at hand (07 CR.814(JFK)), and in the light of the bold assertions made by the prosecutor in his letter of April 10, 2008, as well as in his sentencing memorandum of August 8, 2008,...it would be evident, that the prosecutor is engaged in a sabotage of the actual evidence and facts of this case.

5. The defendant, had tried to demonstrate this sabotage of the evidence and facts of this case, to the district Court, by means of pictures out of the videotape, however, up to this 12th day of August 2008, the defendant had not been given any copy of the videotape requested since August 22, 2007.

6. The defendant, however, intend to demonstrate this sabotage by the prosecutor, of the evidence and facts of this case on Appeal. Simply to show the elements upon which, the prosecutor had condemned the defendant.

7. The defendant, Rodolphe Nogbou, will not engage in an argument for sentencing, which is trying to change the nautre of evidence and facts of the case.

8. Since the defendant had been denied a copy of the videotape to substantiate his argument for the purposes of this sentencing, he (defendant) respectfully requests that, the Court review the videotape while correlating the testimonies of the government witnesses, to realize that the governement is engaged in sabotage of the facts and evidence in this case.

9. The review of the videotape will show that, the government witnesses have lied. No such things as they testified to, are seen in the videotape. However, the prosecutor uses those false testimonies to condemn the defendant.

10. The defendant respectfully submits that, the Court disregard prosecutor's attempt to make the facts of this case hearsay facts. This case is not based on hearsay facts, but on the videotape.

Page 4

II. <u>Defendant's Own Response To The Individual Items In The Government's Sentencing Memorandum Of August 8, 2008</u>

11.     The defendant's response to the government's arguments under the following titles (in its sentencing memorandum of August 8, 2008) are in the Defendant's Sentencing Memorandum On His Own Behalf.

> "A. The Appropriate Offense Level Is Found At Guideline Section 2A2.4"

> "C. The Court Should Impose a Two-Level Increase Because The Victim Sustained Bodily Injury, pursuant to Guidelines Section 2A2.4(b)2 and 1B1.1"

> "D. The Court Should Impose a Term of Imprisonment Within The Advisory Guidelines Range of 24 to 30 months".

12.     On "B. The Court Should impose a Two-Level Upward Adjustment for Obstruction of Justice Pursuant to Guidelines Section 3C1.1" :

These bold assertions of the prosecutor in disregard of the facts and evidence of this case, must be seriously considered by this Court, whether or not a fact of prosecutorial misconduct is set here.

The defendant respectfully submits that, the Court request of the government the specific misrepresentation made by the defendant, in this trial. Otherwise, it would be simply, an act of sabotage. And the defendant will show by means of the videotape that, the government witnesses had committed perjury. This matter can only be settled on facts depicted in the video.

13.     On "E. The Defendant's Objections To The Presentence Report" :

The defendant would like to bring to the attention of the Court that, all information in the Prtesentence Report concerning immigration is false.
The proper information is in Rodolphe Nogbou's Immigration file.

The prosecutor is making misrepresentation about the language of the indictment and the language in the PSR.
They are completely different, and do not convey the same inferential meanings.

Page 5

      For the rest of the defendant's objections to the Presentence Report, please see the attachment to the Defendant's Sentencing Memorandum On His Own Behalf, submitted on August 7, 2008.

14. The government response to the defendant's objections do not resolve the facts; the information contained in the PSR is false.

15. Consequently, the defendant submits that, for this sentencing purposes, the Court should disregard any information contained in the PSR, which is not supported by any document, or evidence presented at trial, or by the verdict and findings of the jury.

16. The defendant had also objected to the PSR as a whole, simply because, it is not a genuine document.
    (a) This PSR had not been signed nor approved by the probation officers;
    
    (b) The defendant's counsel (Mr. Lance Croffoot-Suede) brought another ("signed") version of the PSR to the defendant; however, the signatures on that "signed" version of the PSR had been forged.

    III. <u>Defendant's Response To The Government Letter Of April 10, 2008</u>

17. As stated above, the defendant will not make the facts and evidence of this case, a matter of hearsay issue. The truth in this case is in the videotape.
    The government witnesses' testimonies are contrary to the truth depicted in the video. Consequently, the government, by citing false testimonies as ground to condemn the defendant, knowingly engages in sabotage of the facts and evidence presented in this case.

18. Due to the facts that, the defendant had been denied a copy of the videotape, the defendant had not been able to add pictures to this present response; however, this demonstration will be made to the appeal Court in the brief, and if permitted in person.

The defendant respectfully submits that, the Court disregard the prosecutor's attempt to change the nature of facts and evidence in this case, contrary to what any reasonable person would infer from a review of the video.

It ought to be noted, that there is no evidence to support the bold assertions of the prosecutor, upon which he would like to condemn the defendant.

Moreover, it would be questionable to disregard the findings and the verdict of the jury, in this instance of sentencing.

Nor can the federal Courts standard or test of "preponderance of evidence" pass the nature of the facts and circumstances of the events in this case.


Dated: New York, New York
       August 12, 2008

Respectfully Submitted,

Rodolphe Nogbou
# 60326-054
Defendant
MCC-New York
150 Park Row
New York, NY 10007